JERRY v SECOND NATIONAL BANK OF SAGINAW

Docket No. 160068. Submitted October 4, 1994, at Lansing. Decided December 19, 1994, at 9:20 A.M.

Lynn Jerry brought an action in the Leelanau Circuit Court against Second National Bank of Saginaw, Leelanau Marine, Inc., and others, seeking in part a declaration concerning the validity of a retail installment contract governing the financing of a boat and accessories purchased by the plaintiff from Leelanau Marine, who assigned the contract to Second National. Second National filed a counterclaim seeking enforcement of the contract. After executing the retail installment contract, the plaintiff did not receive from Leelanau Marine a certificate of title to the watercraft and left the boat with Leelanau Marine for winter storage. When the plaintiff eventually requested delivery of the boat, Leelanau Marine was unable to do so, and the plaintiff stopped paying the installments due under the contract. The court, Charles M. Forster, J., granted summary disposition for Second National with respect to the plaintiff's claims and Second National's counterclaim, rejecting the plaintiff's contention that any claims and defenses she could raise against Leelanau Marine also could be raised against Second National as the holder of the retail installment contract.

The Court of Appeals *held:*

1. The trial court erred in determining that, even though title to the boat was not delivered to the plaintiff, under the entrustment provision of the Uniform Commercial Code, MCL 440.2403(2); MSA 19.2403(2), she nonetheless acquired the right of ownership from the person or entity that had entrusted the boat to Leelanau Marine before its sale. The entrustment provision states that any entrusting of possession of goods to a merchant who deals in goods of that kind gives the merchant the power to transfer all rights of the entruster to a buyer in the ordinary course of business. However, the entrustment

REFERENCES

Am Jur 2d, Boats and Boating §§ 7, 21; Sales §§ 449, 456.

Construction and effect of UCC Art 2, dealing with sales. 17 ALR3d 1010.

provision is preempted by a more specific provision of the watercraft certificates of title act, MCL 281.1204(1); MSA 18.1288(4)(1), which states that a person acquiring a watercraft does not acquire any right, title, claim, or interest in the watercraft unless, among other things, that person is issued a certificate of title.

2. The trial court erred in determining that the plaintiff's claims and defenses against Leelanau Marine arose out of an agreement for the storage of the boat during winter. Such claims and defenses arose out of Leelanau Marine's failure to perform its obligations under the retail installment contract.

3. Under § 15(d) of the Retail Installment Sales Act, MCL 445.865(d); MSA 19.416(115)(d), Second National, as holder of the retail installment contract in this case, is subject to all the claims and defenses of the plaintiff arising out of the retail installment transaction.

Reversed and remanded.

SALES — WATERCRAFT — WATERCRAFT CERTIFICATES OF TITLE ACT — UNIFORM COMMERCIAL CODE — ENTRUSTMENT PROVISION.

The entrustment provision of the Uniform Commercial Code, under which any entrusting of possession of goods to a merchant who deals in goods of that kind gives the merchant the power to transfer all rights of the entruster to a buyer in the ordinary course of business, is preempted by the watercraft certificates of title act to the extent the entrustment provision conflicts with the act, which provides that a person acquiring a watercraft from its owner does not acquire any right, title, claim, or interest in the watercraft until, among other things, the person is issued a certificate of title to the watercraft (MCL 440.2403[2], 281.1204[1]; MSA 19.2403[2], 18.1288[4][1]).

*Stewart A. Christian,* for the plaintiff.

*Braun Kendrick Finkbeiner* (by *Craig W. Horn* and *Scott C. Strattard*), for the defendant.

Before: REILLY, P.J., and CORRIGAN and R. J. JASON,* JJ.

REILLY, P.J. Plaintiff-counterdefendant Lynn Jerry (hereafter referred to as plaintiff) appeals as

* Circuit judge, sitting on the Court of Appeals by assignment.

of right a circuit court judgment in favor of defendant-counterplaintiff Second National Bank of Saginaw (hereafter referred to as defendant) with respect to plaintiff's claims and count I of defendant's countercomplaint.[1] Defendant is the holder of a retail installment contract executed by plaintiff to finance the purchase of a boat and accessories from Leelanau Marine, Inc. In this case, we must determine whether the claims and defenses asserted by plaintiff may be raised against defendant under § 15 of the Retail Installment Sales Act (RISA). MCL 445.865(d); MSA 19.416(115)(d). To resolve that issue, we must also decide whether the watercraft certificates of title act (WCTA), MCL 281.1201 et seq.; MSA 18.1288(1) et seq. preempts provisions of the Uniform Commercial Code (UCC), MCL 440.1101 et seq.; MSA 19.1101 et seq., regarding the transfer of title to watercraft. The trial court concluded that there was no preemption, that defendant was not subject to plaintiff's claims and defenses, and granted defendant's motion for summary disposition. We reverse and remand.

On or about September 21, 1990, plaintiff entered into an agreement with Leelanau for the purchase of a Baja Sport Cruiser boat and accessories that plaintiff had seen earlier on Leelanau's premises.[2] Plaintiff and Leelanau executed a retail installment contract to finance the sale. According to the contract, the price was $23,816, with a $3,500 down payment. The installment contract contained the following language required by 16 CFR 433.2:

---

[1] Plaintiff's claims against the individual defendants and count II of defendant's countercomplaint were dismissed without prejudice pursuant to a stipulation of the parties.

[2] The individual defendants, Carl Duckwall and Timothy Jacques, are the president and a salesperson, respectively, of Leelanau. Because their liability as individuals is not at issue, we will refer to their actions simply as those of Leelanau.

NOTICE: Any holder of this Consumer Credit Contract is subject to all claims and defenses which the debtor could assert against the seller of goods or services obtained pursuant hereto or with the proceeds hereof. Recovery hereunder by the debtor shall not exceed amounts paid by the debtor hereunder.

The down payment was not made at the time the contract was executed, but, according to plaintiff, it was to be made in the spring when she received the boat. According to defendant's brief, Leelanau also promised to deliver the certificate of title in the spring. Leelanau assigned the installment contract to defendant.

At no additional cost, Leelanau agreed to store and winterize the boat for plaintiff and her husband. Leelanau told them that they could take the boat out for a ride if they returned to Traverse City later in the fall. In October 1990, plaintiff and her husband "gained permission" to take the boat for a ride in Grand Traverse Bay. After a few hours, the boat was returned to Leelanau.

In April 1991, plaintiff's husband contacted Leelanau to make arrangements for the delivery of the boat. After various delays, plaintiff and her husband discovered that Leelanau was closed and that many of the boats, but not the one purchased by plaintiff, had been repossessed. Plaintiff never received the boat she purchased or a replacement. She discontinued making the monthly payments required by the installment contract in June 1991.

Plaintiff filed this action on October 30, 1991. Count I alleged breach of contract for failure to deliver the boat and accessories. Count II appears to be a claim of fraud or misrepresentation based on statements made by Leelanau that they had title to the boat and accessories. Count III alleges

violations of the Michigan Consumer Protection
Act, MCL 445.901 *et seq.*; MSA 19.418(1) *et seq.*[3]
Count IV was labeled "Declaratory Action for De-
termination of invalidity of Retail Installment
Contract that was Assigned to Defendant, Second
National Bank."

Defendant answered the complaint and filed a
countercomplaint. In count I, defendant alleged
that plaintiff defaulted in her payment obligations
and that on November 5, 1991, $21,227.50 was due.
Count II alleged fraud on the part of plaintiff
because the installment contract reflected a cash
down payment that was "fictitious" and "placed on
the contract for the sole purpose of misleading
Second National into agreeing to finance this pur-
chase."

The trial court granted defendant's motion for
summary disposition of plaintiff's claims and par-
tial summary disposition with respect to defen-
dant's counterclaims pursuant to MCR 2.116(C)
(10). The court's decision relied on the following
provision (the entrustment provision) from the
UCC, MCL 440.2403(2); MSA 19.2403(2):

> Any entrusting of possession of goods to a mer-
> chant who deals in goods of that kind gives him
> the power to transfer all rights of the entruster to
> a buyer in ordinary course of business.

The court first reasoned that the boat had been
entrusted to Leelanau before and at the time
plaintiff entered into the contract. Pursuant to the
entrustment provision, the court concluded that,
even though Leelanau did not have title at the
time the installment contract was executed, plain-

---

[3] Plaintiff's complaint specifically referred to MCL 445.903(3)(a), (b),
(o), (q), (s), (y), (bb), and (cc); MSA 19.418(3)(a), (b), (o), (q), (s), (y), (bb),
and (cc).

tiff, as a buyer in the ordinary course of business, acquired the rights of the entruster.[4]

The court then implicitly accepted defendant's argument that plaintiff's claims and defenses did not arise out of the installment transaction, but rather plaintiff's ill-considered decision to allow Leelanau to retain possession. The court reasoned:

> Therefore, it was not the inability of Leelanau Marine to transfer certificates of title at the time of the September, 1990 sale or in the spring of 1991 which resulted in Leelanau's lack of possession in the spring of 1991. Jerry entrusted the boat, motor and trailer to Leelanau Marine for winter storage and accepted the risk that they would be available to her in the spring. The Bank cannot be charged or held responsible under the retail installment contract for Jerry's failure to take and retain physical possession of the boat, motor and trailer or Leelanau's lack of possession in the spring.

We agree with plaintiff that the court erred in determining that her claims and defenses did not arise out of the retail installment transaction. Contrary to the holding of the trial court, plaintiff did not acquire any right, title, claim, or interest in the boat because Leelanau never delivered to her a certificate of title for the boat. The retail installment transaction was never completed, and plaintiff's claims arise from that transaction.

The premise of the court's decision was that "irrespective of Leelanau Marine's ability to de-

---

[4] The record is unclear with regard to who entrusted the boat to Leelanau. Defendant's briefs in the lower court and on appeal indicate that the boat was entrusted by ITT Commercial Finance Corporation to Leelanau pursuant to a floor plan arrangement. At oral argument, plaintiff asserted that the boat was not part of the floor plan arrangement and was titled to individuals from Ohio. However, there is no affidavit or other evidence in the lower court record to support either of these assertions.

liver certificates of title, Jerry became owner of the boat, motor and trailer," by virtue of the entrustment provision quoted above. This conclusion contradicts the WCTA, which provides in pertinent part:

A person acquiring a watercraft from the owner thereof, whether the owner is a manufacturer, importer, dealer, or otherwise, *shall not acquire any right, title, claim or interest in or to the watercraft until that person has issued to him a certificate of title to the watercraft,* or delivered a manufacturer's or importer's certificate for it. A waiver or estoppel shall not operate in favor of that person against a person having possession of the certificate of title, or manufacturer's or importer's certificate for the watercraft, for a valuable consideration. [Emphasis added. MCL 281.1204(1); MSA 18.1288(4)(1).]

Although the UCC governs the sale of goods, its provisions must be reconciled with the more specific provisions of the WCTA. Just as provisions of the Michigan Vehicle Code regarding the transfer of automobile ownership preempt the UCC, *Whitcraft v Wolfe,* 148 Mich App 40; 384 NW2d 400 (1985), so do the provisions of the WCTA preempt the UCC in regard to the transfer of any right, title, claim, or interest in a watercraft, as that term is defined in the act. MCL 281.1201(1); MSA 18.1288(1)(1).[5]

The entrustment provision of the UCC cannot be reconciled with the above-quoted provision of the WCTA. Defendant does not contest that the WCTA applies to the transfer of the boat, but argues that because the WCTA is silent regarding entrustment,

[5] We recognize that the accessories that were purchased with the boat are not "watercraft" as defined in the WCTA. However, neither the parties nor the trial court attempted to draw a distinction in their analysis between the boat and the accessories.

the UCC entrustment provision, MCL 440.2403(2); MSA 19.2403(2), is not preempted. We disagree. According to the entrustment provision, a merchant has the power to transfer the rights of an entruster to a buyer in the ordinary course of business. To the extent that provision implies that the transfer of rights to the buyer may occur without delivery of the certificate of title, it conflicts with the plain meaning of MCL 281.1204(1); MSA 18.1288(4)(1). Similarly, MCL 440.2401(2); MSA 19.2401(2)[6] is preempted with respect to the transfer of title to watercraft to the extent that it conflicts with the provisions of the WCTA.

Therefore, the premise of the court's decision was erroneous. Plaintiff acquired no right, title, claim, or interest in the boat because the certificate of title was not delivered.

We next consider whether the court's conclusion that plaintiff's claims and defenses are not "chargeable" to defendant was also erroneous. We conclude that it was.

Pursuant to the RISA, defendant is subject to plaintiff's claims and defenses if they arise out of the retail installment transaction. MCL 445.865(d); MSA 19.416(115)(d) provides:

> A holder of a retail installment contract of the buyer is subject to all the claims and defenses of the buyer *arising out of the retail installment transaction,* but the buyer's recovery shall not exceed the amount paid to the holder thereunder. [Emphasis supplied.]

---

[6] MCL 440.2401(2); MSA 19.2401(2) provides:

"Unless otherwise explicitly agreed title passes to the buyer at the time and place at which the seller completes his performance with reference to the physical delivery of the goods, despite any reservation of a security interest and even though a document of title is to be delivered at a different time or place . . . ."

Plaintiff's claims and her defense against the breach of contract counterclaim all arise from Leelanau's failure to complete its obligations under the retail installment transaction to deliver the certificate of title to the boat. Defendant argued, and the trial court agreed, that plaintiff's claims and defenses arose solely from a separate agreement by Leelanau to store and winterize the boat. According to defendant's argument, the retail installment transaction was completed when plaintiff briefly took possession of the boat for a single outing in October 1991. We disagree. Regardless of whether the storage agreement was separate from the sale, and whether plaintiff took possession of the boat, the retail installment transaction[7] was not completed because Leelanau did not deliver the certificate of title. Plaintiff's claims and her defense to defendant's counterclaim for breach of contract, arise from Leelanau's failure to fulfill its obligations pursuant to the retail installment transaction. The fact that Leelanau also agreed to store and winterize the boat and that plaintiff took temporary possession of the boat is immaterial to the analysis.

In conclusion, the trial court erred in granting defendant's motion for summary disposition under MCR 2.116(C)(10). Under the WCTA, the plaintiff could not become the owner of the boat purchased under the retail installment contract until she obtained the certificate of title. The claims and defenses asserted by plaintiff arose from Leelanau's failure to carry out its obligations under the retail installment contract to provide possession and a certificate of title. Therefore, defendant, as

---

[7] "Retail installment transaction" is defined as "any transaction in which a retail buyer purchases goods or services from a retail seller pursuant to a retail installment contract . . . ." MCL 445.852(f); MSA 19.416(102)(f).

the holder of the retail installment contract, is subject to those claims and defenses. The order granting defendant's motion for summary disposition is therefore reversed and the case is remanded for further proceedings.

In light of our resolution of this issue, it is unnecessary to resolve whether plaintiff's motion for reconsideration was timely under MCR 2.119.

Reversed and remanded for further proceedings.