DEARBORN TOWNSHIP CLERK *v.* JONES.

1. ELECTIONS—CAUCUS—PRIMARY ELECTION.
    The word "caucus," as used in the township primary election law,
    is synonymous with the term "primary election" (CL 1948,
    § 163.6, as amended by PA 1951, No 191).

2. SAME—PRIMARY ELECTION—DEFINITIONS.
    A "primary election," as defined in the general election law, is an
    election held for the purpose of deciding by ballot who shall be
    the nominee of political parties for the offices named in portion
    of election code pertaining to primary elections (CL 1948,
    § 145.6; § 166.6 *et seq.*).

3. SAME—NOMINATING PETITIONS.
    Nominating petitions require that signers nominate a certain
    person as candidate of the party (CL 1948, § 157.7).

4. STATUTES—IN PARI MATERIA.
    Statutes *in pari materia* are to be taken together in ascertaining
    the intention of the legislature and courts will regard all stat-
    utes upon the same general subject matter as part of 1 system.

5. ELECTIONS—NOMINATION BY MORE THAN ONE PARTY.
    The provision of the election law prohibiting the name of a
    candidate from appearing in more than 1 column on the ballot
    for the same office would be contravened if a person were to
    be permitted to be certified as a candidate for more than 1
    party at the preceding primary (CL 1948, § 163.6, as amended
    by PA 1951, No 191; § 177.9, as amended by PA 1951, No 192;
    §§ 177.10–177.12).

---

REFERENCES FOR POINTS IN HEADNOTES
[2] 18 Am Jur, Elections § 146.
[4] 50 Am Jur, Statutes §§ 348, 349.
[5, 6] 18 Am Jur, Elections §§ 148, 150.
[5, 6] Constitutionality, construction, and application of statutes
    regarding party affiliations or change thereof as affecting
    eligibility to nomination for public office. 153 ALR 641.
[7] 14 Am Jur, Costs §§ 23, 91.

6. SAME—TOWNSHIP OFFICERS—CERTIFICATION OF NOMINATION.
The name of a candidate for offices of township supervisor, treasurer and trustee may not be certified for nomination as the candidate for more than 1 political party (CL 1948, § 163.6, as amended by PA 1951, No 191; § 177.9, as amended by PA 1951, No 192; §§ 177.10–177.12).

7. COSTS—PUBLIC QUESTION—NOMINATION FOR SAME OFFICE BY 2 PARTIES.
No costs are allowed in suit for declaration of rights as to persons nominated by 2 political parties for the same office, a public question being involved (CL 1948, § 163.6, as amended by PA 1951, No 191; § 177.9, as amended by PA 1951, No 192; §§ 177.10–177.12, 691.501–691.507).

Appeal from Wayne; Murphy (Thomas J.), J. Submitted January 30, 1953. (Docket No. 89, Calendar No. 45,772.) Decided February 12, 1953.

Bill by William H. Thorne, clerk of Township of Dearborn against Howard F. Jones and others for declaration of rights determining that defendants be certified as nominee of only 1 political party. Decree for plaintiff. Defendants appeal. Affirmed.

*Michael Berry* and *Stanley E. Beattie,* for plaintiff.

*Marx & Fewlass,* for defendants.

BUSHNELL, J. This is an appeal by defendants from a declaratory decree in which it was ordered that each of the defendants be certified as a candidate for nomination for office, at the ensuing primary election, on only 1 party ticket.

Petitions were filed with William H. Thorne, the township clerk, by defendant Howard F. Jones as a candidate for the Democratic nomination for the office of township supervisor. Later a group of citizens presented petitions for Jones for nomination

on the ticket of the Republican party. Similar groups filed petitions on behalf of defendant Robert Claude Jendron for nomination as a candidate on both the Democratic and Republican tickets for the office of township trustee. Petitions were also filed for defendant Carl H. Roth for nomination as a candidate of both of these parties for the office of township treasurer. The township clerk, acting upon the advice of counsel, notified Jones that the petitions which he had personally filed designating himself as a candidate for the Democratic nomination would be accepted, but that the petitions naming him as a candidate for the Republican nomination would be rejected. Jendron and Roth were each notified that they must determine upon which ticket they would stand for their respective nominations. In response to these notices each of the defendants demanded that their names be printed on the primary election ballots as candidates for nomination by both the Democratic and Republican parties.

A declaratory decree was sought by the clerk under the provisions of CL 1948, §§ 691.501–691.507 (Stat Ann §§ 27.501–27.507.). Counsel agreed that the pertinent statute relative to the filing of petitions for primary elections is CL 1948, § 163.6, as amended by PA 1951, No 191 (Stat. Ann. 1951 Cum Supp § 6.230), which reads:

"All votes cast at such caucus shall be by ballot and there shall be separate ballots for the nomination of candidates for each political party or organization in such village or township. In order to secure the placing of the name of any candidate upon any ballot, it shall be necessary for such candidate to file with the village or township clerk, on or before the seventh Monday before the day designated for the holding of such caucus, a petition signed by not less than 1 per centum nor more than 4 per centum of the electors of such village or town-

ship, as shown by the registration books thereof, asking that his name be placed upon such ballot and designating the office and the political party or organization upon whose ballot he desires to have such name so placed: Provided, That petitions shall be filed not later than 4 o'clock, post meridian, on the last filing day."

It was also agreed that the word "caucus", as used in the statute, is synonymous with the words "primary election."

A primary election, as defined in the general election law (CL 1948, § 145.6 [Stat Ann § 6.6]), is an election held for the purpose of deciding by ballot who shall be the nominees of political parties for the offices named in part 3 of the act. The statute which governs the form of nominating petitions states that the signers nominate a certain person "as a candidate of the * * * party." (CL 1948, § 157.7 [Stat Ann 1951 Cum Supp § 6.125].) The first section of chapter 1 of part 3 of the general election law, which provides for nomination by direct vote, states that candidates for office shall be selected by the qualified and registered voters of "each political party participating therein." (CL 1948, § 155.1, as amended by PA 1951, No 136 [Stat Ann 1951 Cum Supp § 6.110].)

Primaries for the selection of nominees for township offices are provided for in chapter 9 of part 3 of the election law. (CL 1948, § 163.1 *et seq.* [Stat Ann § 6.225 *et seq.*], as last amended by PA 1952, No 247.) Section 6 of this chapter, as amended by PA 1951, No 191, provides for separate party ballots for "each political party or organization" in the township. This chapter does not contain any specific prohibition against the names of candidates appearing on more than 1 party or organization ballot. Because of this legislative silence defendants insist that the trial judge erred in ordering that each could

be certified as a candidate for nomination upon only 1 party ballot.

It is elementary that statutes *in pari materia* are to be taken together in ascertaining the intention of the legislature, and that courts will regard all statutes upon the same general subject matter as part of 1 system.

"In the construction of a particular statute, or in the interpretation of any of its provisions, all acts relating to the same subject, or having the same general purpose, should be read in connection with it, as together constituting one law." *Remus* v. *City of Grand Rapids,* 274 Mich 577, 581.

This rule of construction was applied in recent election cases. See *Foster* v. *Board of Education of School District No. 10, Delta Township, Eaton County,* 326 Mich 272, and *People, ex rel. Angel,* v. *Smith,* 328 Mich 323, 330. In the *Remus Case* we had the problem of reconciling certain inconsistencies in the general tax law. There we found not only that the history of the statute added light to the determination of the controlling question of legislative intent, but that certain sections, when read in connection with other sections, performed a like function.

Here we must reconcile certain inconsistencies in the general election law, *i.e.,* the omission from chapter 9 of part 3 of a specific prohibition against filing petitions for the same person as a candidate for the same office on different political party tickets, with the mandatory provisions of chapter 7 of part 4. The pertinent sections of the latter chapter are 9, 10 and 11, which, according to section 12, are applicable to township elections. Section 9, which is CL 1948, § 177.9, as amended by PA 1951, No 192 (Stat Ann 1951 Cum Supp § 6.353), requires the board of election commissioners to print on the bal-

lots, or place on the voting machines, when used, the names of the certified candidates. The mandatory requirement is that the name of no candidate shall be placed or printed in more than 1 column on the ballot for the same office. Section 10 of the same chapter requires a person who has been nominated for the same office by 2 or more parties, to select the party column in which he desires his name to be printed or placed. Section 11 states how the ballot shall be prepared in the event of the failure or refusal of the person to so elect. To carry appellants' contention to its logical conclusion could possibly result in the nomination of each of them on more than 1 party ticket at the primary, and thus thwart any opposition in the ensuing election. The history of the development of the election law of this State and a consideration of those statutes presently in effect clearly indicate that it was the intention of the legislature, even though not specifically spelled out in the primary election part of the law, that names of a person should appear on the primary election ballots as a candidate of only 1 political party or organization. Any other holding would be repugnant to other parts of the general election law.

Appellants argue that, in the absence of express statutory language on this question, we must look to the basic law of the State. A constitutional argument based upon section 1 of article 2 of the Constitution of 1908 is then made. This section reads:

"All political power is inherent in the people. Government is instituted for their equal benefit, security and protection."

The case of *Public Schools of the City of Battle Creek* v. *Kennedy,* 245 Mich 585, is cited for the proposition that this inherent power remains, except as delegated by Constitution or statute. It is pro-

posed, therefore, that we should hold that, since the right of a person to seek public office cannot be tested by the yardstick of political affiliation (see *Attorney General* v. *Board of Councilmen of the City of Detroit,* 58 Mich 213 [55 Am Rep 675]) the electors should not be restricted in their right to nominate a person as a candidate on more than 1 political ticket.

Consideration of the various provisions of the general election law and the discussion in *Attorney General, ex rel. Connolly,* v. *Reading,* 268 Mich 224, requires rejection of this argument. If the people desire to eliminate party designation of candidates, dispense with the responsibility of political parties for their selection, and substitute therefor systems in vogue elsewhere, that policy is one for legislative determination in the light of constitutional restrictions.

The decree is affirmed. A public question being involved, no costs will be allowed.

DETHMERS, C. J., and ADAMS, BUTZEL, CARR, and REID, JJ., concurred.

SHARPE and BOYLES, JJ., did not participate in this opinion.