**Michigan Supreme Court**
**Lansing, Michigan**

# Opinion

Chief Justice:
Marilyn Kelly

Justices:
Michael F. Cavanagh
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway

FILED APRIL 8, 2010

BARBARA A. ROBINSON,

Plaintiff-Appellant,

v                                                                  No. 138669

CITY OF LANSING,

Defendant-Appellee.

BEFORE THE ENTIRE BENCH

MARKMAN, J.

At issue here is whether the two-inch rule of MCL 691.1402a(2), which provides that a discontinuity defect of less than two inches in a sidewalk creates a rebuttable inference that the municipality maintained the sidewalk in reasonable repair, applies to sidewalks adjacent to state highways, as with the sidewalk at issue here, or only to sidewalks adjacent to county highways. The trial court concluded that the rule only applies to sidewalks adjacent to county highways and, thus, granted plaintiff's motion to strike the rule as an affirmative defense and denied defendant's motion for summary disposition. However, the Court of Appeals reversed, holding that the rule is not limited to sidewalks that are adjacent to county highways, and remanded for further proceedings. Because we agree

with the trial court that the rule only applies to sidewalks adjacent to county highways, we reverse the judgment of the Court of Appeals, reinstate the trial court's orders, and remand to the trial court for further proceedings.

## I. FACTS AND HISTORY

On December 4, 2005, plaintiff, Barbara Robinson, was walking on the brick sidewalk that is adjacent to Michigan Avenue, a state highway in Lansing, in front of the Lansing Center. She stepped into a depressed area of the sidewalk, lost her balance, tripped on a raised and uneven area of bricks next to the depression, and fell forward. As a result, she fractured her wrist, necessitating two surgeries. It is undisputed that the raised portion of the sidewalk was less than two inches and that defendant, the city of Lansing, maintained this sidewalk.

Plaintiff sued defendant under the highway exception to governmental immunity, alleging that defendant had breached its duty under MCL 691.1402(1) to maintain the sidewalk in reasonable repair. Defendant answered, raising as an affirmative defense the two-inch rule of MCL 691.1402a(2). Before the close of discovery, defendant moved for summary disposition under MCR 2.116(C)(7) (governmental immunity), claiming that it was entitled to judgment as a matter of law because plaintiff had not rebutted the inference created by the rule that defendant had maintained the sidewalk in reasonable repair. Plaintiff responded and moved to strike the rule as an affirmative defense by arguing that the rule applies only to sidewalks adjacent to county highways and, as a result, was

2

inapplicable. The trial court agreed with plaintiff and thus granted plaintiff's motion to strike and denied defendant's motion for summary disposition.

Defendant appealed by right, arguing that nothing in MCL 691.1402a(2) limits its application to county highways. The Court of Appeals reversed and held that, in contrast to subsections (1) and (3), subsection (2) of MCL 691.1402a contains no language limiting its application to county highways. *Robinson v City of Lansing*, 282 Mich App 610, 616-618; 765 NW2d 25 (2009). It then remanded the case to the trial court to rule on the remaining issues and noted that defendant could refile its summary disposition motion.

Plaintiff has sought leave to appeal, claiming that the Court of Appeals erred in its interpretation of MCL 691.1402a(2). This Court directed that oral argument be heard on the application for leave to appeal, 483 Mich 1134 (2009), and argument was heard on December 9, 2009.

## II. STANDARD OF REVIEW

Whether the two-inch rule of MCL 691.1402a(2) applies to sidewalks adjacent to state highways or only to sidewalks adjacent to county highways is a question of law that this Court reviews de novo. *Ostroth v Warren Regency, GP, LLC*, 474 Mich 36, 40; 709 NW2d (2006). A trial court's decision to deny a motion for summary disposition is also reviewed de novo. *Id.*

III. ANALYSIS

A. GOVERNMENTAL IMMUNITY AND HIGHWAY EXCEPTION

In Michigan, governmental immunity was originally a common-law doctrine that protected all levels of government. However, in 1961, this Court abolished common-law governmental immunity with respect to municipalities. *Williams v Detroit,* 364 Mich 231; 111 NW2d 1 (1961); *McDowell v State Hwy Comm'r*, 365 Mich 268; 112 NW2d 491 (1961). In 1965, the Legislature reacted to *Williams* and *McDowell* by enacting the governmental tort liability act (GTLA), MCL 691.1401 *et seq.*, restoring immunity for municipalities and preserving this protection for the state and its agencies. The GTLA provides: "Except as otherwise provided in this act, a governmental agency[1] is immune from tort liability if the governmental agency is engaged in the exercise or discharge of a governmental function." MCL 691.1407(1). This grant of immunity is currently subject to six statutory exceptions.[2]

---

[1] "Governmental agency" is defined as "the state or a political subdivision." MCL 691.1401(d). The "state" includes "the state of Michigan and its agencies, departments [and] commissions," MCL 691.1401(c), and a "political subdivision" includes "a municipal corporation, county, [and] county road commission," MCL 691.1401(b). Finally, a "municipal corporation" includes a "city, village, [and] township . . . ." MCL 691.1401(a).

[2] The six statutory exceptions are (1) the highway exception, MCL 691.1402; (2) the motor-vehicle exception, MCL 691.1405; (3) the public-building exception, MCL 691.1406; (4) the proprietary-function exception, MCL 691.1413; (5) the governmental-hospital exception, MCL 691.1407(4); and (6) the sewage-disposal-system exception, MCL 691.1417.

4

At issue in this case is the highway exception, MCL 691.1402(1), which provides, in relevant part:

> Except as otherwise provided in [MCL 691.1402a], each governmental agency having jurisdiction over a highway shall maintain the highway in reasonable repair so that it is reasonably safe and convenient for public travel.[3] A person who sustains bodily injury or damage to his or her property by reason of failure of a governmental agency to keep a highway under its jurisdiction in reasonable repair and in a condition reasonably safe and fit for travel may recover the damages suffered by him or her from the governmental agency. . . . The duty of the state and the county road commissions to repair and maintain highways, and the liability for that duty, extends only to the improved portion of the highway designed for vehicular travel and does not include sidewalks, trailways, crosswalks, or any other installation outside of the improved portion of the highway designed for vehicular travel.

"Highway" is defined as "a public highway, road, or street that is open for public travel and includes bridges, *sidewalks*, trailways, crosswalks, and culverts on the highway." MCL 691.1401(e) (emphasis added).

From these statutory provisions, we know that all governmental agencies, including the state, counties, and municipalities, have a duty to maintain highways under their jurisdiction in reasonable repair. However, we also know that the duty of state and county road commissions is limited to the "improved portion of the highway designed for vehicular travel," which specifically "does not include

---

[3] Const 1963, art 7, § 29 provides that "the right of all counties, townships, cities and villages to the reasonable control of their highways, streets, alleys and public places is hereby reserved to such local units of government." As the Court of Appeals noted, "the city does not dispute that it has jurisdiction over the sidewalk adjacent to Michigan Avenue." *Robinson*, 282 Mich App at 612-613.

5

sidewalks . . . ." MCL 691.1402(1). A municipality's duty, on the other hand, is not similarly limited; rather, a municipality has a duty to maintain highways in reasonable repair and "highway" is specifically defined to include "sidewalks." MCL 691.1402(1); MCL 691.1401(e). Thus, while MCL 691.1402(1) exempts state and county road commissions from liability for injuries resulting from defective sidewalks, municipalities are not exempt; municipalities do have a duty to maintain sidewalks in reasonable repair. *Haliw v Sterling Hts*, 464 Mich 297, 303; 627 NW2d 581 (2001) ("Pursuant to [MCL 691.1402(1)], the duty to maintain public sidewalks in 'reasonable repair' falls on local governments, including cities, villages, and townships."); *Glancy v City of Roseville*, 457 Mich 580, 584; 577 NW2d 897 (1998) ("[MCL 691.1402(1)] requires municipalities to maintain sidewalks in 'reasonable repair.'"); *Listanski v Canton Twp*, 452 Mich 678, 690; 551 NW2d 98 (1996) ("[T]ownships are liable for injuries occurring on sidewalks that abut state or county roads as a result of their negligent failure to maintain their sidewalks in reasonable repair."), citing *Mason v Wayne Co Bd of Comm'rs*, 447 Mich 130, 136 n 6; 523 NW2d 791 (1994) ("[T]he purpose of [the limiting sentence of MCL 691.1402(1)], which applies only to counties and the state, is to allocate responsibility for sidewalks and crosswalks to local governments, including townships, cities, and villages."); *Jones v City of Ypsilanti*, 26 Mich App 574, 581; 182 NW2d 795 (1970) (holding that cities are liable for injuries occurring on sidewalks that abut state highways as a result of their negligent failure to maintain their sidewalks in reasonable repair). In other words,

when MCL 691.1402(1) and MCL 691.1401(e) are read together,[4] it is clear that all governmental agencies except the state and county road commissions have a duty to maintain sidewalks in reasonable repair. Indeed, in the instant case, defendant does not argue that it does not have a duty to maintain the sidewalk at issue in reasonable repair,[5] but only argues that because the sidewalk's discontinuity defect was less than 2 inches, MCL 691.1402a(2) creates a rebuttable inference that the municipality maintained the sidewalk in reasonable repair and that plaintiff has not rebutted this inference. Therefore, as the Court of Appeals recognized, the "salient question . . . is whether the city is entitled to assert as a defense the two-inch rule set forth in MCL 691.1402a(2)." *Robinson*, 282 Mich App at 615.

---

[4] "It is elementary that statutes *in pari materia* are to be taken together in ascertaining the intention of the legislature, and that courts will regard all statutes upon the same general subject matter as part of 1 system." *Dearborn Twp Clerk v Jones*, 335 Mich 658, 662; 57 NW2d 40 (1953). In this case, both MCL 691.1401 and MCL 691.1402 are in the GTLA, MCL 691.1401 immediately precedes MCL 691.1402, and MCL 691.1401 expressly states, "As used in this act: . . . 'Highway' . . . includes . . . sidewalks . . . ." Therefore, "highway" as used in MCL 691.1402 clearly includes "sidewalks."

[5] As noted by the Court of Appeals, "there is no dispute that the city has jurisdiction over the sidewalk adjacent to Michigan Avenue and therefore must keep it 'in reasonable repair so that it is reasonably safe and convenient for public travel.'" *Robinson*, 282 Mich App at 615, quoting MCL 691.1402(1). See also defendant's answer to the complaint, ¶ 9, p 2, in which defendant admitted that it "had a duty to maintain the sidewalk in reasonable repair so that it was reasonably safe and convenient for public travel."

7

B. TWO-INCH RULE

As with governmental immunity itself, the two-inch rule was originally a

common-law rule.[6] In *Harris v Detroit*, 367 Mich 526, 528; 117 NW2d 32 (1962),

---

[6] Justice BLACK, in his concurring statement in *Harris v Detroit*, 367 Mich 526, 537; 117 NW2d 32 (1962) (BLACK, J., concurring), referred to the two-inch rule as a culmination of "cases construing an unamended statute; not a case or line of cases announcing a rule of the common law." However, given that the statute referred to by Justice BLACK did not refer to a discontinuity of less than two inches, we respectfully disagree. The statute referred to by Justice BLACK at that time stated:

> Any person or persons sustaining bodily injury upon any of the public highways or streets in this state, by reason of neglect to keep such public highways or streets, and all bridges, sidewalks, crosswalks and culverts on the same in reasonable repair, and in condition reasonably safe and fit for travel by the township, village, city or corporation whose corporate authority extends over such public highway, street, bridge, sidewalk, crosswalk or culvert, and whose duty it is to keep the same in reasonable repair, such township, village, city or corporation shall be liable to and shall pay to the person or persons so injured or disabled, and to any person suffering damages by reason of such injury, just damages, to be recovered in an action of trespass on the case before any court of competent jurisdiction. [MCL 242.1, as amended by 1951 PA 19.]

Because neither this statute nor any other contemporaneous statute referred to anything resembling the two-inch rule, we conclude that the rule at that time could only have been a common-law rule. See *Glancy*, 457 Mich at 588, which explained that "the two-inch rule was . . . a common-law threshold for negligence based on the 'reasonable repair' standard of care of the statutory highway exception." See also *Rule v Bay City*, 387 Mich 281, 282; 195 NW2d 849 (1972), in which this Court held that "for the reasons stated by Mr. Justice ADAMS in his dissent in *Harris v Detroit*, 367 Mich 526, 529 (1962), we do not regard it as desirable to continue to enforce the 'two-inch' rule,'" and Justice ADAM's dissent in *Harris*, in which he referred to the two-inch rule as a "judge-made rule of law," and opined that ""chang[ing] [the common-law] should not be left to the legislature."" *Harris,* 367 Mich at 533-534 (ADAMS, J., dissenting), quoting *Bricker v Green*, 313 Mich 218, 235; 21 NW2d 105 (1946), quoting the William

8

the two-inch rule was described as meaning that "a depression in a walk which does not exceed 2 inches in depth will not render a municipality liable for damages incident to an accident caused by such depression." "The basis of the two-inch rule [was] the concept of 'reasonable repair.'" *Glancy*, 457 Mich at 586. "The two-inch rule was a bright-line rule stating that defects of two inches or less constituted 'reasonable repair' as a matter of law." *Id.* at 586-587. In 1972, however, this Court abolished the rule, *Rule v Bay City*, 387 Mich 281; 195 NW2d 849 (1972),[7] and, in 1998, we refused to readopt it, *Glancy*, 457 Mich at 582. In 1999, the Legislature took up the issue, and a statutory two-inch rule was adopted in MCL 691.1402a,[8] which provides:

> (1) Except as otherwise provided by this section, a municipal corporation has no duty to repair or maintain, and is not liable for injuries arising from, a portion of a county highway outside of the improved portion of the highway designed for vehicular travel, including a sidewalk, trailway, crosswalk, or other installation. This

---

L. Storrs Lectures by Justice Benjamin Cardozo before the Yale University Law School in 1921, collected in Cardozo, *The Nature of the Judicial Process*, pp 151-152.

[7] In *Rule*, 387 Mich at 283, this Court announced, "[W]e will no longer hold as a matter of law that a depression or obstruction of two inches or less in a sidewalk may *not* be the basis for a municipality's liability for negligence." (Emphasis in the original.)

[8] The catchline of MCL 691.1402a in the Michigan Complied Laws Annotated states, "Duties to repair or maintain county highways; liabilities"; however, we recognize that the Legislature did not itself enact this catchline as part of the statute, and that such a catchline shall not be used to construe the section more broadly or narrowly than the text of the section would otherwise indicate. See MCL 8.4b.

9

subsection does not prevent or limit a municipal corporation's liability if both of the following are true:

(a) At least 30 days before the occurrence of the relevant injury, death, or damage, the municipal corporation knew or, in the exercise of reasonable diligence, should have known of the existence of a defect in a sidewalk, trailway, crosswalk, or other installation outside of the improved portion of the highway designed for vehicular travel.

(b) The defect described in subdivision (a) is a proximate cause of the injury, death, or damage.

(2) A discontinuity defect of less than 2 inches creates a rebuttable inference that the municipal corporation maintained the sidewalk, trailway, crosswalk, or other installation outside of the improved portion of the highway designed for vehicular travel in reasonable repair.

(3) A municipal corporation's liability under subsection (1) is limited by section 81131 of the natural resources and environmental protection act, 1994 PA 451, MCL 324.81131.[9]

Although the very first sentence of MCL 691.1402a(1) begins by stating that a municipality is *not* liable for injuries arising from a portion of a county highway outside the improved portion of the highway designed for vehicular travel, including a sidewalk, trailway, crosswalk, or other installation, this sentence is prefaced by the language "[e]xcept as otherwise provided by this section," and the very next sentence of this subsection states that a municipality *is* liable for such injuries under certain circumstances.[10] That is, a municipality *is* liable for injuries

---

[9] MCL 324.81131(11) provides that municipalities are not liable for injuries resulting from the use of off-road vehicles absent gross negligence.

[10] That MCL 691.1402a(1) does *not* completely abrogate a municipality's liability for injuries resulting from defective sidewalks is further supported not

arising from a defective sidewalk adjacent to a county highway if (a) the municipality knew or should have known at least 30 days before the occurrence of the injury of the existence of the defect in the sidewalk and (b) that defect was a proximate cause of the injury. MCL 691.1402a(1). In addition, MCL 691.1402a(2) provides that a discontinuity defect of less than 2 inches creates a rebuttable inference that the municipality maintained the sidewalk in reasonable repair, as is required by MCL 691.1402(1); this is the statutory two-inch rule.[11]

only by the fact that the second sentence of subsection (1) states that "[t]his subsection does *not* prevent or limit a municipal corporation's liability" under certain circumstances, but also by the fact that subsection (3) states that "[a] municipal corporation's *liability under subsection (1)* is limited by . . . MCL 324.81131." (Emphasis added.) It would have been unnecessary to indicate in subsection (3) that a municipality's liability is limited by MCL 324.81131 if subsection (1) had already completely abrogated that liability. It would have been similarly unnecessary to indicate in subsection (2) that a discontinuity defect of less than 2 inches creates a rebuttable inference that the municipality maintained the sidewalk in reasonable repair if subsection (1) had already abrogated a municipality's duty in this regard. Therefore, although subsection (1) does limit a municipality's liability for injuries resulting from defective sidewalks, it does not completely abrogate this liability.

[11] The statutory two-inch rule's "rebuttable inference" of reasonable repair is distinct from the common-law rule's irrebutable presumption of reasonable repair. As the Court of Appeals explained in *Gadigian v City of Taylor*, 282 Mich App 179, 183-184; 774 NW2d 352 (2009),

> [i]n crafting [MCL 691.1402a(2)], the Legislature could have adopted the former common-law rule, which flatly prohibited claims involving discontinuity defects of less than two inches. . . .
>
> But rather than eliminating all sidewalk-injury claims arising from defects of less than two inches, . . . the Legislature used the term "rebuttable inference."

11

As discussed earlier, MCL 691.1402(1) imposes liability on municipalities for injuries resulting from defective sidewalks, i.e., sidewalks that the municipality has failed to maintain in reasonable repair. *Haliw*, 464 Mich at 303 ("Pursuant to [MCL 691.1402(1)], the duty to maintain public sidewalks in 'reasonable repair' falls on local governments, including cities, villages, and townships."). However, MCL 691.1402a limits this liability by providing that municipalities are only liable for injuries resulting from defective sidewalks adjacent to *county* highways under the specified circumstances. Moreover, if this defect constitutes a discontinuity of less than 2 inches, a rebuttable inference arises that the municipality maintained the sidewalk in reasonable repair, which is all that the municipality is required to do under MCL 691.1402(1). Therefore, when MCL 691.1402(1) and MCL 691.1402a are read together, it is clear that municipalities are generally liable for injuries resulting from defective sidewalks.[12]

This Court has granted leave to appeal in *Gadigian* to address the meaning of "rebuttable inference" in MCL 691.1402a(2). In the order granting leave, the parties have been directed to address "what evidence a plaintiff must present to rebut the inference of reasonable repair." *Gadigian v City of Taylor*, 485 Mich ___ (2009). Given our conclusion that the two-inch rule does not apply in the instant case, there is no need to hold this case in abeyance for *Gadigian*.

[12] Both MCL 691.1402 and MCL 691.1402a are in the GTLA, MCL 691.1402 immediately precedes MCL 691.1402a, and MCL 691.1402 expressly states, "Except as otherwise provided in *section 2a* [MCL 691.1402a], each governmental agency having jurisdiction over a highway shall maintain the highway in reasonable repair . . . ." (Emphasis added.) Therefore, it is absolutely clear that MCL 691.1402 and MCL 691.1402a must be read together. See n 4 of this opinion.

While defendant contends that the rebuttable inference of MCL 691.1402a(2) applies to all cases in which a plaintiff is seeking to impose liability on a municipality for an injury resulting from a defective sidewalk, plaintiff contends that this rebuttable inference only applies in cases in which the defective sidewalk is adjacent to a *county* highway. For several reasons, we agree with plaintiff.

First, as discussed above, MCL 691.1402a(1) begins by stating that a municipality "is not liable for injuries arising from, a portion of a *county* highway . . . , including a sidewalk," unless certain conditions are satisfied. (Emphasis added.) These conditions are then set forth in MCL 691.1402a(1)(a) and (b). Then, immediately thereafter, MCL 691.1402a(2) indicates that a discontinuity defect of less than 2 inches creates a rebuttal inference that the municipality maintained the sidewalk in reasonable repair. Nothing in subsection (2) suggests that its scope is any different than that of subsection (1); that is, there is no language in subsection (2) that indicates that although subsection (1) only applies to *county* highways, subsection (2) should be construed as additionally applying to highways other than county highways, such as state or city highways.

Second, not only do the placement of subsection (2) and the absence of language in subsection (2) distinguishing it from subsection (1) suggest that subsection (2), as with subsection (1), only applies to *county* highways, but the syntax of subsection (2) also suggests that both these subsections apply only to

13

*county* highways.  Subsection (2) refers to "*the* highway."  (Emphasis added.)  As this Court has explained:

> "The" and "a" have different meanings.  "The" is defined as "definite article. 1. (used, [especially] before a noun, with a specifying or particularizing effect, as opposed to the indefinite or generalizing force of the indefinite article a or an). . . ."  *Random House Webster's College Dictionary*, p 1382.  [*Massey v Mandell*, 462 Mich 375, 382 n 5; 614 NW2d 70 (2000).] [13]

Because subsection (2) refers to "*the* highway," we must determine to which "specific or particular" highway subsection (2) refers to.  That is, because subsection (2) does not refer to "*a* highway," we cannot read subsection (2) as applying to highways in "general."[14]  Given that subsection (2) immediately follows subsection (1), which limits its application to "*county* highway[s]," "*the* highway" referred to in subsection (2) must be the same highway referred to in subsection (1) -- the *county* highway.

Third, subsection (2) cannot be read in isolation, but must be read in context.  Defendant argues, and the Court of Appeals agreed, that because the Legislature did not expressly use the word "county" in subsection (2), this word

---

[13] We must follow these distinctions between "a" and "the" because the Legislature has directed that "[a]ll words and phrases shall be construed and understood according to the common and approved usage of the language . . . ."  MCL 8.3a.  See, e.g., *Detroit v Tygard*, 381 Mich 271, 275; 161 NW2d 1 (1968) ("We regard the use of the definite article 'the' as significant.").

[14] Contrary to the Court of Appeals and defendant's contention, MCL 691.1402a(2) does not apply to "any" highway.  See *Robinson*, 282 Mich App at 618; Defendant's brief opposing the application for leave to appeal, p 14.  Instead, it applies to "the" highway, i.e., "the" highway referred to in MCL 691.1402a(1) -- the *county* highway.

cannot be read into subsection (2). If subsection (2) were to be read in isolation, defendant and the Court of Appeals might be correct in this analysis because it is well established that "we may not read into the statute what is not within the Legislature's intent as derived from the language of the statute." *AFSCME v Detroit*, 468 Mich 388, 400; 662 NW2d 695 (2003). However, it is equally well established that to discern the Legislature's intent, statutory provisions are *not* to be read in isolation; rather, context matters, and thus statutory provisions are to be read as a whole. *Apsey v Mem Hosp*, 477 Mich 120, 132 n 8; 730 NW2d 695 (2007) ("To discern the true intent of the Legislature, . . . statutes must be read together, and no one section should be taken in isolation."); *Griffith v State Farm Mut Automobile Ins Co*, 472 Mich 521, 533; 697 NW2d 895 (2005) ("'[T]he meaning of statutory language, plain or not, depends on context.'") (citation omitted); *G C Timmis & Co v Guardian Alarm Co*, 468 Mich 416, 421; 662 NW2d 710 (2003) ("'[W]ords in a statute should not be construed in the void, but should be read together to harmonize the meaning, giving effect to the act as a whole.'") (citation omitted).[15] "[A]ny attempt to segregate any portion or exclude

---

[15] Defendant's contention that the subsections comprising MCL 691.1402a should be read as "stand[ing] alone" stands in stark contrast to these well-established rules of construction. In addition, defendant's reliance on the equally well-established doctrine of *expressio unius est exclusio alterius* ("the expression of one thing is the exclusion of another"), *Miller v Allstate Ins Co*, 481 Mich 601, 611; 751 NW2d 463 (2008), is misplaced. All that doctrine tells us is that which everybody agrees -- the express reference in MCL 691.1402a(1) to county highways excludes all other highways; that is, MCL 691.1402a(1) only applies to county highways. However, because MCL 691.1402a(2) does not expressly refer

any portion [of a statute] from consideration is almost certain to distort the legislative intent." 2A Singer & Singer, Statutes and Statutory Construction (7th ed), § 47.2, p 282. For the reasons discussed throughout this opinion, although only subsection (1) expressly refers to "county" highways, we believe that when MCL 691.1402a is read as a whole, it is clear that both subsections (1) and (2) only apply to such highways.

Fourth, the Legislature is not required to be overly repetitive in its choice of language. In essence, the issue here boils down to whether the Legislature was required to repetitively restate "county" throughout the entire statutory provision. We do not believe that this is required of the Legislature in order that it communicate its intentions. Instead, we believe that a reasonable person reading this statute would understand that all three subsections of this provision apply only to *county* highways. Indeed, if the Legislature had intended subsections (2) and (3) to apply to highways other than county highways, we believe that it would have been reasonably incumbent upon the Legislature to so indicate. Even subsection (1) only refers to "county highway" one time and thereafter simply refers to "the highway," and defendant conceded at oral argument that these subsequent references to "the highway" in subsection (1) signify "county highway." The first time that "highway" is used in MCL 691.1402a, it is

---

to a specific highway, other than "the highway," this doctrine does not aid us in our interpretation of MCL 691.1402a(2).

16

immediately preceded by the word "county"; however, the next three times that it is used, it is not preceded by the word "county." Although defendant concedes that the second and third such references mean "county highway," defendant argues that the fourth reference to "highway" means *any* highway. We respectfully disagree. Instead, we believe that the fourth reference to "highway," just like the previous references in MCL 691.1402a, is a reference only to "county highways." In short, we do not believe that the Legislature is under an obligation to cumbersomely repeat language that is sufficiently incorporated into a statute by the use of such terms as "the," "such," and "that."[16]

Fifth, unless the Legislature indicates otherwise, when it repeatedly uses the same phrase in a statute, that phrase should be given the same meaning throughout the statute. *Paige v Sterling Hts*, 476 Mich 495, 520; 720 NW2d 219 (2006) (indicating that "absolutely identical phrases in our statutes" should have identical meanings). In MCL 691.1402a, all the references to "the highway" are encompassed within the identical phrase -- "outside of the improved portion of *the highway* designed for vehicular travel." Therefore, all the references to "the highway" should be interpreted in the same manner. Given that the first three references to "highway" in MCL 691.1402a indisputably refer to county highways

---

[16] See, e.g., *Townsend v M-R Products, Inc*, 436 Mich 496, 502 n 8; 461 NW2d 696 (1990) ("Rather than repeat the phrases 'weekly compensation benefits,' and 'accrued weekly benefits,' the drafters used the shorter '[the] compensation'/'benefits' to encompass both.").

17

only, we see no reason why the fourth reference to "highway" should be construed any differently.

Finally, the principle that statutory provisions should not be construed in a manner that renders language within those provisions meaningless also supports our conclusion that the two-inch rule of MCL 691.1402a(2) only applies to sidewalks adjacent to county highways. *Nat'l Pride at Work, Inc v Governor*, 481 Mich 56, 70; 748 NW2d 524 (2008) ("[A]n interpretation that renders language meaningless must be avoided."). As discussed earlier, before MCL 691.1402a was enacted in 1999, MCL 691.1402(1) already imposed liability on municipalities for injuries resulting from defective sidewalks. *Haliw*, 464 Mich at 303 ("Pursuant to [MCL 691.1402(1)], the duty to maintain public sidewalks in 'reasonable repair' falls on local governments, including cities, villages, and townships."). Therefore, MCL 691.1402a was plainly not enacted to introduce such liability on municipalities. Instead, it was enacted to *limit* this liability.[17] So

---

[17] As the Court of Appeals explained in *Carr v City of Lansing*, 259 Mich App 376, 380-381; 674 NW2d 168 (2003):

> . . . MCL 691.1402a, added by 1999 PA 205, effective December 21, 1999, creates no liability for municipalities that would not otherwise exist. The 1999 legislation also amended [MCL 691.1402(1)] to add "[e]xcept as otherwise provided in section 2a" immediately preceding the imposition of the duty of "each governmental agency having jurisdiction over a highway" to maintain it "in reasonable repair so that it is reasonably safe and convenient for public travel." Section 2a is MCL 691.1402a. So, reading the plain language of the amendment, [MCL 691.1402a] is an exception to [MCL 691.1402(1)], the highway exception to the

18

one must ask how does MCL 691.1402a limit this liability?  At first blush, it would appear that MCL 691.1402a(1) limits this liability to instances in which (a) the municipality knew or should have known of the defect in the sidewalk at least 30 days before the injury occurred and (b) this defect was a proximate cause of the injury.  However, both of these limitations also existed before the enactment of MCL 691.1402a.  Indeed, both of these limitations have existed since the Legislature first enacted the GTLA in 1965.

The first of these limitations, i.e., the one set forth in MCL 691.1402a(1)(a) regarding the municipality's knowledge of the defect, was first set forth in MCL 691.1403, which provides:

> No governmental agency is liable for injuries or damages caused by defective highways unless the governmental agency knew, or in the exercise of reasonable diligence should have known, of the existence of the defect and had a reasonable time to repair the defect before the injury took place.  Knowledge of the defect and time to repair the same shall be conclusively presumed when the defect

general rule of governmental immunity established in [MCL 691.1407(1)].  The obvious purpose of [MCL 691.1402a] is to limit the liability municipalities would otherwise face to maintain sidewalks, trailways, crosswalks, or other installations pursuant to [MCL 691.1401(e)] and [MCL 691.1402(1)] by virtue of the exclusion of municipalities from the fourth sentence of [MCL 691.1402(1)], which limits state and county liability to "the improved portion of the highway designed for vehicular travel . . . ."  See *Haliw,* [464 Mich] at 303, and *Weakley* [*v Dearborn Hts (On Remand)*, 246 Mich App 322, 326; 632 NW2d 177 (2001)].  Moreover, by its plain terms, [MCL 691.1402a] applies only to "a portion of a *county* highway outside of the improved portion of the highway designed for vehicular travel" (emphasis added), but only a state highway and a city street are involved in this case.

19

existed so as to be readily apparent to an ordinarily observant person for a period of 30 days or longer before the injury took place.

As one can see, MCL 691.1402a(1)(a) and MCL 691.1403 are virtually identical; they both limit a municipality's liability to instances in which the municipality knew or should have known of the defect at least 30 days before the injury took place.

The second of these limitations, i.e., the one set forth in MCL 691.1402a(1)(b) requiring that the defect in the sidewalk have been a proximate cause of the injury, was first set forth in MCL 691.1402(1), which provides, in pertinent part:

> A person who sustains bodily injury or damage to his or her property *by reason of* failure of a governmental agency to keep a highway under its jurisdiction in reasonable repair and in a condition reasonably safe and fit for travel may recover the damages suffered by him or her from the governmental agency. [Emphasis added.]

This Court has held that this language requires that the defect have been a proximate cause of the injury:

> [W]here a plaintiff successfully pleads in avoidance of governmental immunity, i.e., that the alleged injury occurred in a location encompassed by MCL 691.1402(1), the plaintiff must still prove, consistent with traditional negligence principles, the remaining elements of breach, causation, and damages contained within the statute. . . .
>
> * * *
>
> Proof of causation requires both cause in fact and legal, or proximate, cause. [*Haliw*, 464 Mich at 304, 310.]

20

See also *Allison v AEW Capital Mgt, LLP*, 481 Mich 419, 434; 751 NW2d 8 (2008) ("To recover under MCL 691.1402(1), a plaintiff must demonstrate that a defect in the highway was [a] proximate cause of the plaintiff's injury.").

Although it is clear that MCL 691.1402a(1) was enacted to limit the liabilities of a municipality with regard to *county* highways, given that the two limitations set forth in MCL 691.1402a(1)(a) and (b) existed before MCL 691.1402a was enacted and that these limitations already applied to *all* highways, there must be some *other* reason that the Legislature chose to enact MCL 691.1402a(1). We believe that this other reason was to codify the two-inch rule with respect to *county* highways only. That is, unless MCL 691.1402a(1) is interpreted as limiting the two-inch rule to sidewalks adjacent to county highways, it is nothing more than a restatement of existing law in Michigan. In other words, MCL 691.1402a(1) is mere surplusage unless "county highway" in that subsection is construed to *limit* the application of the two-inch rule in MCL 691.1402a(2), and it is well established that "[i]n interpreting a statute, we [must] avoid a construction that would render part of the statute surplusage or nugatory." *People v McGraw*, 484 Mich 120, 126; 771 NW2d 655 (2009). In light of this historical backdrop, we believe it is clear that the significance of MCL 691.1402a(1) is its *limitation* to county highways.[18]

---

[18] The fact that the two-inch rule was placed in MCL *691.1402a*, rather than MCL 691.1402 further supports our conclusion that the two-inch rule was intended to apply to *county* highways only, rather than *all* highways. In other

To summarize, MCL 691.1402a(1) limits a municipality's liability with regard to county highways, MCL 691.1402a(2) codifies the two-inch rule with regard to county highways, and MCL 691.1402a(3) limits a municipality's liability with regard to county highways and off-road vehicles.[19] In other words, subsection (1) sets forth in clear terms the general rule regarding a municipality's liability for defective sidewalks adjacent to county highways, subsection (2) adopts a statutory two-inch rule for those sidewalks, and subsection (3) provides an exception to liability for these same sidewalks. This establishes a fully rational and coherent legislative scheme. MCL 691.1402a does not apply to sidewalks adjacent to highways other than county highways, such as sidewalks adjacent to

words, if the Legislature had intended the two-inch rule to apply to *all* highways, why did the Legislature place the two-inch rule in MCL 691.1402a, a statutory provision in which two out of its three subsections indisputably apply only to *county* highways, rather than MCL 691.1402, which applies to *all* highways?

[19] Given that MCL 691.1402a(1) and (2) thoroughly address the liability of municipalities with regard to county highways, it makes sense that the Legislature would want to clarify in MCL 691.1402a(3) that the limitations of liability pertaining to off-road vehicles already found in the Natural Resources and Environmental Protection Act, MCL 324.81131, and referred to in MCL 691.1402(4), are still to be applied to municipalities with regard to county highways. That is, the Legislature may well have been concerned that, in the absence of subsection (3), the argument might be raised that MCL 324.81131 was preempted by MCL 691.1402a with regard to a municipality's liability for injuries resulting from defective county highways. Further, contrary to defendant's contention, the mere fact that MCL 691.1402a(3) expressly refers back to MCL 691.1402a(1), while MCL 691.1402a(2) does not, does not mean that only subsections (1) and (3) are limited to county highways. Instead, this difference is most likely attributable to the simple fact that subsection (3), unlike subsection (2), provides that a municipality's "liability" is limited, and, thus, it is necessary in subsection (3) to explain to what "liability" this subsection is referring.

22

state highways. Therefore, the two-inch rule of MCL 691.1402a(2) does not apply to the latter.[20]

## IV. CONCLUSION

For the reasons discussed, we conclude that the two-inch rule of MCL 691.1402a(2) does not apply to sidewalks adjacent to state highways; it only applies to sidewalks adjacent to county highways. Therefore, we reverse the judgment of the Court of Appeals, reinstate the trial court's orders granting plaintiff's motion to strike the two-inch rule as an affirmative defense and denying

---

[20] As the Court of Appeals stated in *Darity v City of Flat Rock*, unpublished opinion per curiam of the Court of Appeals, decided February 21, 2006 (Docket No. 256481), at 4-5, lv den 476 Mich 858 (2006):

> Because the sidewalk at issue was adjacent to a state trunkline and not a county road, MCL 691.1402a does not govern this action. . . .

> [I]n enacting MCL 691.1402a, the Legislature decided to limit liability with respect to *county roads only*. The Legislature's failure to impose similar limits with respect to state roads does not suggest that the Legislature was unaware of that liability or did not intend that liability would exist. Rather, the absence of a provision concerning portions of state highways outside the improved portion means that a municipal corporation's liability for those areas pursuant to MCL 691.1402 remains unreduced. [Emphasis added.]

defendant's motion for summary disposition, and remand to the trial court for further proceedings.

Stephen J. Markman
Marilyn Kelly
Michael F. Cavanagh
Maura D. Corrigan
Robert P. Young, Jr.
Diane M. Hathaway

# STATE OF MICHIGAN

## SUPREME COURT

BARBARA A. ROBINSON,

   Plaintiff-Appellant,

v              No. 138669

CITY OF LANSING,

   Defendant-Appellee.

_____

YOUNG, J. (*concurring*).

I concur with the majority's decision in this case to the extent that it offers a sensible construction of MCL 691.1402a, the interpretation of which I believe reasonable minds can differ. However, I write separately for two purposes. First, I wish to set forth a plausible alternative interpretation that the Legislature very well could have intended when drafting MCL 691.1402a. And second, to the extent that the majority opinion in this case has adopted an incorrect interpretation of this statute, I urge the Legislature to clarify its intent with regard to the scope of the "two-inch rule" of the highway exception to governmental immunity.

This case requires that we determine whether the two-inch rule of MCL 691.1402a(2) is limited in application to county highways like the liability created elsewhere in that statute, or whether the rule may apply generally to all sidewalks that abut any public roadway. Generally, MCL 691.1402(1) requires a municipality to "maintain" its highways in reasonable repair, and this includes

sidewalks.[1]  However, MCL 691.1402a, which is divided into three separate subsections, further clarifies this duty.[2]  There is no dispute that the plain language of MCL 691.1402a(1) provides the standard under which a municipal corporation will be liable with respect to sidewalks abutting *county highways*.  There is further no dispute that MCL 691.1402a(3) explicitly refers back to MCL 691.1402a(1) to

---

[1] MCL 691.1401(e).

[2] MCL 691.1402a provides:

(1) Except as otherwise provided by this section, a municipal corporation has no duty to repair or maintain, and is *not liable* for injuries arising from, a portion of a county highway outside of the improved portion of the highway designed for vehicular travel, including a sidewalk, trailway, crosswalk, or other installation. This subsection does not prevent or limit a municipal corporation's liability if both of the following are true:

(a) At least 30 days before the occurrence of the relevant injury, death, or damage, the municipal corporation knew or, in the exercise of reasonable diligence, should have known of the existence of a defect in a sidewalk, trailway, crosswalk, or other installation outside of the improved portion of the highway designed for vehicular travel.

(b) The defect described in subdivision (a) is a proximate cause of the injury, death, or damage.

(2) A discontinuity defect of less than 2 inches creates a rebuttable inference that the municipal corporation maintained the sidewalk, trailway, crosswalk, or other installation outside of the improved portion of the highway designed for vehicular travel in reasonable repair.

(3) A municipal corporation's liability under subsection (1) is limited by section 81131 of the natural resources and environmental protection act, 1994 PA 451, MCL 324.81131.

2

provide a particular exception to the liability created in that subsection, and thus by direct reference is also limited in application to county highways. The present dispute concerns only whether the rebuttable inference for discontinuity defects of less than 2 inches in MCL 691.1402a(2) is limited to county highways like the liability created in subsections (1) and (3), or whether MCL 691.1402a(2) applies generally to sidewalks abutting any public roadway within a municipal corporation's jurisdiction. Plaintiff, who was injured on a sidewalk abutting a state trunk line highway, has advanced an interpretation adopted by the majority whereby the two-inch rule is limited in application to injuries that occur on county highways. Defendant conversely advances an interpretation providing for the broadest application of the two-inch rule when defending against this type of lawsuit.

The majority concludes that plaintiff has the stronger position in this case and provides a reasonable and text-based analysis in support, utilizing well established canons of statutory construction. I join that decision, yet I am not wholly convinced that the Legislature intended to create a distinction between county and non-county highways when codifying the two-inch rule of MCL 691.1402a(2).[3] Accordingly, I am setting forth here several considerations that support an alternative legislative intent.

_____

[3] The practical effect of this decision creates a rule whereby municipalities have the benefit of a statutory inference that somewhat arbitrarily depends on whether a plaintiff's slip and fall occurred on a sidewalk abutting a county

3

First and foremost, MCL 691.1402a(2) itself does not expressly contain a limitation to county highways. In this sense, MCL 691.1402a(2) is clear: without a reference to county highways, we should be hesitant to impute language to MCL 691.1402a(2) that the Legislature did not use. This could represent a specific omission by the Legislature, and words excluded from a statute—particularly when used elsewhere in the statute—must be presumed to have been excluded for a specific purpose.[4]

Structurally, MCL 691.1402a contains three separate subsections, all of which may stand independently and need not necessarily be read together. These subsections are not joined together by an introductory paragraph that would clearly indicate that they all encompass the same limitation—that is, application to county highways. In this way, MCL 691.1402a may logically be read as a *compendium* of highway liability rules. If that is the case, limitations in one subsection should not be read into another subsection absent explicit commands to do so. Unlike MCL 691.1402a(3), in which the Legislature provided an explicit

---

highway or a state trunk line highway. I recognize that it is certainly within the province of the Legislature to create such a rule, and this Court enforces that intent, even if an unusual outcome results. See *Lansing Mayor v Pub Service Comm*, 470 Mich 154, 161; 680 NW2d 840 (2004). Yet the "arbitrariness" of where the rule applies under the majority's interpretation suggests that the Legislature may have intended no such limitation of the rule.

[4] See *Farrington v Total Petroleum, Inc*, 442 Mich 201, 210; 501 NW2d 76 (1993). It is axiomatic that this Court does not read words into a statute that the Legislature has excluded. *Byker v Mannes*, 465 Mich 637, 646-647; 641 NW2d 210 (2002).

4

command to read that subsection subject to the limitations of MCL 691.1402a(1), there is *no* such command that limits the application of MCL 691.1402a(2) to the subject matter of MCL 691.1402a(1). Recognizing that separate subsections of a statute may have independent significance does not offend the canon of construction that statutory provisions are to be read in the context of that which surrounds them.[5]

Additionally, neither the syntax employed by the Legislature nor rules of grammar necessarily compels the majority's interpretation. As the majority correctly notes, the Legislature's varied use of definite versus indefinite articles in a statute requires that those articles be accorded their grammatically correct meanings.[6] The definite articles in MCL 691.1402a(2) in the phrases "the municipal corporation" and "the highway" must refer to a specific antecedent.

---

[5] See, e.g., *Griffith v State Farm Mut Automobile Ins Co*, 472 Mich 521, 533; 697 NW2d 895 (2005); *Lansing Mayor*, 470 Mich at 167-168.

[6] A comparison of the definitions for "a" and "the" in Black's Law Dictionary notes:

> [**A.**] The word "a" has varying meanings and uses. "A" means "one" or "*any*," but less emphatically than either. . . .
>
> \* \* \*
>
> **The.** An article which *particularizes the subject spoken of*. "Grammatical niceties should not be resorted to without necessity; but it would be extending liberality to an unwarrantable length to confound the articles 'a' and 'the'. *The most unlettered persons understand that 'a' is indefinite, but 'the' refers to a certain object*." [Black's Law Dictionary (5th ed) (emphasis added).]

5

The majority quite reasonably believes that these definite articles in MCL 691.1402a(2) refer back to the indefinite modification of "defect" and "municipal corporation" in MCL 691.1402a(1). However, this is not necessarily so: the definite articles used in MCL 691.1402a(2) may logically refer to an earlier noun modified indefinitely in MCL 691.1402a(2) itself—"*a* discontinuity defect." Under this reading, the phrases "*the* municipal corporation" and "*the* highway" refer back to the specific corporation and highway relating to the indefinite "discontinuity defect" at the beginning of MCL 691.1402a(2). This indefinite defect does not necessarily refer back to "*the* defect" (in county highways) discussed in MCL 691.1402a(1). Thus, the uses of the definite article "the" may not have been intended to refer to a defect mentioned in a previous subsection, but instead could have been utilized because the use of indefinite articles at this point would simply not make grammatical sense.[7]

I believe that these considerations, taken together, evidence a legitimate contention that MCL 691.1402a(2) neither explicitly subjects itself to the county highway limitation nor implicitly relies on this limitation in order to make logical

---

[7] For example, it would be nonsensical (or, at least, make less sense) for the statute to read: "A discontinuity defect of less than 2 inches creates a rebuttable inference that *a* municipal corporation maintained the sidewalk . . . outside the improved portion of *a* highway . . . in reasonable repair." There would be no reason for the drafter to use the italicized indefinite articles here. By this point, MCL 691.1402a(2) is not referring to any municipal corporation or any highway; rather, it is a definite municipality that has definite control over a particular highway with the defect.

6

sense. Yet while this analysis represents a separate plausible understanding of MCL 691.1402a(2), ultimately I am fairly convinced by the majority's interpretation that MCL 691.1402a is best understood as a seamless whole that applies to county highways, the separate provisions of which work better in concert than contrast. Thus, I concur in the majority opinion, but would call the Legislature to action if this Court has reasonably, yet mistakenly, limited the scope of the two-inch rule when construing the provisions of MCL 691.1402a.

Robert P. Young, Jr.

7

S T A T E   O F   M I C H I G A N

SUPREME COURT

BARBARA A. ROBINSON,

      Plaintiff-Appellant,

v                                          No.138669

CITY OF LANSING,

      Defendant-Appellee.

_____

WEAVER, J. (*concurring*).

I concur in the result of the majority opinion because I believe that in this close case, the plaintiff has a more persuasive position.  I agree with Justice YOUNG as he states in his concurrence: "I am fairly convinced . . . that MCL 691.1402a is best understood as a seamless whole that applies to county highways, the separate provisions of which work better in concert than contrast."

Further, I also agree with Justice YOUNG that, "to the extent that the majority opinion in this case has adopted an incorrect interpretation of this statute, I urge the Legislature to clarify its intent with regard to the scope of the 'two-inch rule' of the highway exception to governmental immunity."


                                    Elizabeth A. Weaver