# STATE OF MICHIGAN

# COURT OF APPEALS

TEARRIA PATON,

      Plaintiff-Appellee,

v

CITY OF DETROIT,

      Defendant-Appellant.

UNPUBLISHED
June 28, 2016

No. 326073
Wayne Circuit Court
LC No. 14-009513-NO

Before: MURPHY, P.J., and SAAD and BORRELLO, JJ.

PER CURIAM.

In May 2014, plaintiff allegedly tripped over the remnants of a metal pole, apparently an old sign post, which had been sheared off close to the ground and was protruding from and embedded in a sidewalk located near an intersection in Detroit. Defendant City of Detroit (the city) appeals an order denying its motion for summary disposition that had been pursued on the basis of governmental immunity.[1] The trial court rejected the city's arguments that plaintiff's notice of injury and defect under MCL 691.1404 was deficient and that the highway exception to governmental immunity under MCL 691.1402 was not implicated as a matter of law, as there was no defect in the sidewalk itself. The city renews these arguments on appeal. With respect to the notice issue, we affirm the trial court's ruling, and in regard to the applicability of the highway exception to governmental immunity, we reverse and remand for further proceedings under MCL 691.1402a.

Plaintiff's complaint was expressly predicated on the highway exception to governmental immunity, MCL 691.1402, *Nawrocki v Macomb Co Rd Comm*, 463 Mich 143, 148; 615 NW2d

---

[1] Plaintiff argues that the city's claim of appeal should be dismissed for lack of jurisdiction, maintaining that while the trial court's summary disposition order on the issue of governmental immunity constitutes a "final order" for purposes of MCR 7.203(A)(1) and MCR 7.202(6)(a)(v), these court rules unconstitutionally expand this Court's *statutory* jurisdiction. We decline to address this argument. Assuming the validity of plaintiff's argument, we shall, in the exercise of our discretion, treat the city's appeal as an application for leave, grant leave, and proceed to address the issues presented. See *Rains v Rains*, 301 Mich App 313, 320 n 2; 836 NW2d 709 (2013).

702 (2000), and the municipal-corporation sidewalk exception to governmental immunity, MCL 691.1402a. Although both provisions were cited in the complaint, and aside from the notice issue, the parties' subsequent summary disposition arguments focused solely on MCL 691.1402 and the statute's interpretation in *Nawrocki* and *Nawrocki*'s progeny, not MCL 691.1402a. The trial court made its ruling denying summary disposition on the basis of MCL 691.1402 and the cases construing that statute. MCL 691.1402a, which was substantially amended pursuant to 2012 PA 50 and made effective March 13, 2012, more than two years before plaintiff's accident, provides:

> (1) A municipal corporation in which a sidewalk is installed adjacent to a municipal, county, or state highway shall maintain the sidewalk in reasonable repair.

> (2) A municipal corporation is not liable for breach of a duty to maintain a sidewalk unless the plaintiff proves that at least 30 days before the occurrence of the relevant injury, death, or damage, the municipal corporation knew or, in the exercise of reasonable diligence, should have known of the existence of the defect in the sidewalk.

> (3) In a civil action, a municipal corporation that has a duty to maintain a sidewalk under subsection (1) is presumed to have maintained the sidewalk in reasonable repair. This presumption may only be rebutted by evidence of facts showing that a proximate cause of the injury was 1 or both of the following:

> (a) A vertical discontinuity defect of 2 inches or more in the sidewalk.

> (b) A dangerous condition in the sidewalk itself of a particular character other than solely a vertical discontinuity.

> (4) Whether a presumption under subsection (3) has been rebutted is a question of law for the court.

> (5) A municipal corporation's liability under subsection (1) is limited by section 81131 of the natural resources and environmental protection act, 1994 PA 451, MCL 324.81131.[2.]

Under 2012 PA 50, the Legislature also amended MCL 691.1402(1), indicating that the duty of a governmental agency to repair and maintain highways, and the attendant liability for that duty, do not encompass sidewalks, "[e]xcept as provided in section 2a [MCL 691.1402a]." The city is a "municipal corporation," and the sidewalk at issue is located "adjacent to a municipal, county, or state highway[.]" MCL 691.1402a. Accordingly, MCL 691.1402a governs the instant case, not MCL 691.1402. MCL 691.1402a contains some fairly unique

---

[2] The amendment was in response to our Supreme Court's opinion in *Robinson v Lansing*, 486 Mich 1; 782 NW2d 171 (2010). See Senate Legislative Analysis, HB 4589, February 1, 2012.

language, and we reverse the trial court's ruling rendered under MCL 691.1402 and remand for the trial court to entertain the city's motion for summary disposition under MCL 691.1402a, upon additional briefing by the parties.[3]

Next, MCL 691.1404(1) provides:

As a condition to any recovery for injuries sustained by reason of any defective *highway*, the injured person, within 120 days from the time the injury occurred, except as otherwise provided in subsection (3) shall serve a notice on the governmental agency of the occurrence of the injury and the defect. *The notice shall specify the exact location and nature of the defect, the injury sustained and the names of the witnesses known at the time by the claimant.* [Emphasis added.]

MCL 691.1404 was not amended in the 2012 legislation, but while MCL 691.1402a refers to the duty to maintain sidewalks and not highways, MCL 691.1401(c) generally defines a "highway" as including a "sidewalk" for purposes of the governmental tort liability act, MCL 691.1401 *et seq*. Therefore, the notice requirement of MCL 691.1404 applies to cases involving a claim that a municipal sidewalk was not kept in reasonable repair as required by MCL 691.1402a. We agree with the trial court that plaintiff's two notices, which were both indisputably served within the 120-day period, satisfied the requirements of MCL 691.1404(1) when considered together. In *Plunkett v Dep't of Transp*, 286 Mich App 168, 176-177; 779 NW2d 263 (2009), this Court acknowledged, reviewed, and applied caselaw interpreting MCL 691.1404, observing:

The Michigan Supreme Court has established that MCL 691.1404 is straightforward, clear, unambiguous, and not constitutionally suspect and must be enforced as written. However, when notice is required of an average citizen for the benefit of a governmental entity, it need only be understandable and sufficient to bring the important facts to the governmental entity's attention. Thus, a liberal construction of the notice requirements is favored to avoid penalizing an inexpert layman for some technical defect. The principal purposes to be served by requiring notice are simply (1) to provide the governmental agency with an opportunity to investigate the claim while it is still fresh and (2) to remedy the defect before other persons are injured.

The requirement should not receive so strict a construction as to make it difficult for the average citizen to draw a good notice. A notice should not be held ineffective when in *substantial compliance* with the law. A plaintiff's description of the nature of the defect may be deemed to substantially comply with the statute

---

[3] This Court reviews de novo a trial court's decision on a motion for summary disposition, *Loweke v Ann Arbor Ceiling & Partition Co, LLC*, 489 Mich 157, 162; 809 NW2d 553 (2011), issues of statutory construction, *Estes v Titus*, 481 Mich 573, 578-579; 751 NW2d 493 (2008), and the applicability of governmental immunity, *Snead v John Carlo, Inc*, 294 Mich App 343, 354; 813 NW2d 294 (2011).

when coupled with the specific description of the location, time and nature of injuries. Some degree of ambiguity in an aspect of a particular notice may be remedied by the clarity of other aspects. [Citations, quotation marks, alteration brackets, and ellipses omitted.]

In plaintiff's original notice served in June 2014, she indicated that she "tripped over a broken pole on the sidewalk" at "the intersection of Macomb and Beaubien St." In the supplemental notice served in July 2014, which consisted of a claim form provided by the city and filled out by plaintiff, she stated that she "tripped over a broken metal pole sticking out of the ground" while walking on a sidewalk adjacent to Beaubien St. near the intersection of Macomb St. As requested by the city in the claim form, plaintiff provided a diagram of the area, which reflected the intersection, marking the specific spot on Beaubien St. where she tripped over the remnants of the pole. The diagram revealed the side of the street where the alleged defect was located, and the diagram had an arrow pointing north, so as to give the reader his or her directional bearings. Further, in the original notice, plaintiff indicated that she had "sustained injuries to her leg," which required several stitches when being treated at Harper Hospital. In the supplemental notice, to which she attached a medical release, plaintiff stated that her leg was ripped open by the jagged pole remnant, exposing flesh and necessitating "12 stitches and a tetanus shot." Finally, in the original notice, plaintiff indicated a "belief that the incident was witnessed by her father." In the supplemental notice, plaintiff listed the names of two additional witnesses and their phone numbers. We note that the city does not even argue on appeal that the witness disclosures were inadequate under MCL 691.1404(1), thus waiving that issue. In sum, we conclude that plaintiff "specif[ied] the exact location and nature of the defect, the injury sustained and the names of the witnesses known at the time by" plaintiff, thereby satisfying MCL 691.1404(1). The city's arguments to the contrary are simply unavailing. The trial court did not err in finding compliance with MCL 691.1404(1).

Affirmed with respect to the notice issue, reversed in regard to the applicability of the highway exception to governmental immunity under MCL 691.1402, and remanded for further proceedings under MCL 691.1402a consistent with this opinion. We do not retain jurisdiction. Neither party having fully prevailed, we decline to award taxable costs under MCR 7.219.

/s/ William B. Murphy
/s/ Henry William Saad
/s/ Stephen L. Borrello

-4-