# Order

**Michigan Supreme Court**
**Lansing, Michigan**

April 3, 2015

Robert P. Young, Jr.,
Chief Justice

Stephen J. Markman
Mary Beth Kelly
Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein,
Justices

149718

BEDFORD PUBLIC SCHOOLS,
            Respondent-Appellee,

v                                                        SC:  149718
                                                         COA:  314153
                                                         MERC:  11-000642

BEDFORD EDUCATION ASSOCIATION
MEA/NEA,
            Charging Party-Appellant.

_____/

        On order of the Court, the application for leave to appeal the June 10, 2014 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

        BERNSTEIN, J. (*concurring*).

        I write to express my concerns regarding the problematic drafting of MCL 423.215b(1).

        Appellant teachers' wages can be increased in two ways: by a "step increase," which is a wage increase based on seniority, or by a "lane change," an increase in the level of graduate education. MCL 423.215b(1), as amended by 2014 PA 322, states in relevant part:

> Except as otherwise provided in this section, after the expiration date of a collective bargaining agreement and until a successor collective bargaining agreement is in place, a public employer shall pay and provide wages and benefits at levels and amounts that are no greater than those in effect on the expiration date of the collective bargaining agreement. The prohibition in this subsection *includes increases that would result from wage step increases*. Employees who receive health, dental, vision, prescription, or other insurance benefits under a collective bargaining agreement shall bear any increased costs of maintaining those benefits that occur after the expiration date.  [Emphasis added.]

The issue presented here is whether the statute's bar on wage increases applies to a lane change wage increase, which is not expressly listed in the statute.

When applying the traditional rules of statutory interpretation to MCL 423.215b(1), it appears that the statute does not apply to pay increases as a result of a lane change. First, " '[i]n interpreting a statute, we [must] avoid a construction that would render part of the statute surplusage or nugatory.' " *Robinson v City of Lansing*, 486 Mich 1, 21 (2010) (citation omitted) (alterations in original). To interpret the statute to bar lane change wage increases would render the language specifying that wage step increases are included in the statutory bar unnecessary. It seems clear that a step increase is a wage increase; therefore, in order to give meaning to the Legislature's explicit inclusion of the phrase "step increase," it must be that the statute does not bar *all* wage increases. Although the mere use of the word "includes" does not give much guidance about whether the list following is inclusive or exclusive, the doctrine of *expressio unius est exclusio alterius* suggests the latter. The specific inclusion of "step increase" can be read to imply the exclusion of a "lane change" wage increase. See *Hoerstman Gen Contracting, Inc v Hahn*, 474 Mich 66, 74-75; 711 NW2d 340 (2006).

However, some text in MCL 423.215b(1) supports the determination that a lane change wage increase is also barred. The statute states that "a public employer shall pay and provide *wages* and benefits at levels and *amounts that are no greater* than those in effect on the expiration date of the collective bargaining agreement." MCL 423.215b(1) (emphasis added). As explained earlier, a teacher's wage is determined by both lane changes and step increases. Any lane change is ultimately an increase in the teacher's wages. Under the clear language of the statute, a teacher's wage cannot increase while a collective-bargaining agreement is not in place. Therefore, it would appear that any change in a teacher's status that would increase that teacher's wage is barred by MCL 423.215b(1). Indeed, that interpretation makes sense considering that the statute even requires teachers to bear any increased costs of insurance benefits while a collective-bargaining agreement is not in place. Further, the legislative history of MCL 423.215b(1) supports the contention that the Legislature sought to bar any and all increases to teachers' pay.[1] An explanation of the fiscal impact of House Bill 4152, which added

---

[1] I recognize that this Court will not consult legislative history when a statute is unambiguous. See, e.g, *In re Certified Questions from United States Court of Appeals for the Sixth Circuit*, 468 Mich 109, 116 (2003). However, I think that the legislative history of 2011 PA 54, which enacted MCL 423.215b, is illustrative of the problem that this statute presents.

MCL 423.215b, explains that it would "prevent[] any wage increases (e.g., automatic 'step increases') . . . ." Senate Legislative Analysis, HB 4152 (H-2), March 16, 2011. The inclusion of the phrase "e.g., . . . 'step increases' " signifies an intent to make wage "step increases" merely an example of the types of wage increases that are barred by MCL 423.215b(1).

The lack of clarity displayed by this statute demonstrates the danger posed by the use of nonspecific lists in legislation. When lists do not expressly identify their scope— whether the list is merely illustrative and inclusive or limited and exclusive—they can lead to uncertainty, forcing the courts to step in. Had the Legislature in MCL 423.215b(1) stated that "[t]he prohibition in this subsection includes, but is not limited to, increases that would result from wage step increases," the Legislature's intent would have been clear. I encourage the Legislature in the future to be clearer in order to better inform not only the courts of its intent, but the general public as well.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

April 3, 2015



Clerk