# STATE OF MICHIGAN

# COURT OF APPEALS

RUDOLPHO G. RODRIQUEZ, d/b/a NONSTOP FIREWORKS,

Plaintiff-Appellant,

v

TOWNSHIP OF DELTA,

Defendant-Appellee.

UNPUBLISHED
February 9, 2016

No. 324444
Eaton Circuit Court
LC No. 13-000738-CZ

Before: O'CONNELL, P.J., and OWENS and BECKERING, JJ.

PER CURIAM.

Plaintiff, Rudolpho G. Rodriquez, appeals as of right the trial court's grant of summary disposition to defendant, Delta Township (the Township), under MCR 2.116(C)(10) (no genuine issue of material fact). The trial court determined that an ordinance regulating vendors' hours did not conflict with a state statute that prohibits localities from regulating firework sales. We affirm.

## I. FACTUAL BACKGROUND

Rodriquez operates tents that sell fireworks out of leased spaces. On June 8, 2013, the Township issued Rodriquez a permit to sell fireworks. The Township informed Rodriquez that he could not sell fireworks between 9:00 p.m. and 9:00 a.m. pursuant to an ordinance regulating vendor hours:

> Vending, soliciting or peddling, as defined herein, is prohibited at a private residence prior to 9:00 a.m. and after 9:00 p.m., and shall not be conducted on property zoned commercial, office or industrial under township ordinance after 9:00 p.m. and prior to 9:00 a.m. [Delta Twp Ordinances, § 42-4(c).]

On June 19, 2013, Rodriquez filed his complaint in this action, alleging in part that the ordinance conflicted with a statute that prohibits localities from regulating firework sales:

> Except as provided in this act, a local unit of government shall not enact or enforce an ordinance, code, or regulation pertaining to or in any manner regulating the sale, display, storage, transportation, or distribution of fireworks regulated under this act. [MCL 28.457(1).]

-1-

The trial court granted summary disposition to the Township, concluding that the statute did not preempt the ordinance. Rodriquez now appeals.

## II. ANALYSIS

This Court reviews de novo the trial court's decision on a motion for summary disposition. *Johnson v Recca*, 492 Mich 169, 173; 821 NW2d 520 (2012). Whether a statute preempts an ordinance is a question of law, which this Court also reviews de novo. *Ter Beek v Wyoming*, 297 Mich App 446, 452; 823 NW2d 864 (2012). A state statute preempts an ordinance when the ordinance either (1) directly conflicts with the statute or (2) the statute completely occupies the field that the ordinance regulates. *McNeil v Charlevoix Co*, 275 Mich App 686, 697; 741 NW2d 27 (2007).

First, Rodriquez contends that Ordinance § 42-4(c) and MCL 28.457(1) directly conflict. We disagree. A statute and an ordinance directly conflict when the ordinance permits what the statute prohibits, or when the ordinance prohibits what the statute permits. *McNeil*, 275 Mich App at 697. For direct preemption to exist, the conflicting provisions must address the same subject. See *Frens Orchards, Inc v Dayton Twp Bd*, 253 Mich App 129, 137; 654 NW2d 346 (2002). In this case, Ordinance § 42-4(c) does not address fireworks, and MCL 28.457(1) does not address hours of operation. Neither expressly prohibits what the other expressly permits. We conclude that the ordinance and statute do not directly conflict.

Second, Rodriquez contends that MCL 28.457(1) preempts the entire field of regulations involving fireworks. Specifically, Rodriquez contends that the words "any manner" in the statute means that no ordinance may even incidentally affect the sale of fireworks. The Township contends that Ordinance § 42-4(c) does not fall within the field of fireworks regulation. We agree with the Township.

One way in which a statute preempts an entire field is when the statute expressly states that the state's authority in the area of law is exclusive. *People v Llewellyn*, 401 Mich 314, 322; 257 NW2d 902 (1977). However, a municipality is not prohibited from enacting ordinances outside the field of regulation, even if the ordinance incidentally affects the regulated field. See *Id*. at 330-331 (stating that a prohibition on adult entertainment would only be incidentally related to the prohibited state field of obscenity).

In focusing solely on the phrase "any manner," Rodriquez ignores a pertinent rule of statutory construction. This Court reads the provisions of statutes "reasonably and in context," and reads subsections of cohesive statutory provisions together. *Robinson v Lansing*, 486 Mich 1, 15; 782 NW2d 171 (2010). MCL 28.457(1) prohibits the Township from enacting or enforcing "an ordinance . . . pertaining to or in any manner regulating the sale, display, storage, transportation, or distribution *of fireworks* . . . ." When used in this manner, the word "of" indicates that the word that follows is a component or part of the previous word or phrases. *Merriam-Webster's Collegiate Dictionary* (11th ed). The use of the word "of" in this statute indicates that the ordinance in question must "pertain to" or be related in some manner to *fireworks*. Ordinance § 42-4(c) does not pertain to the sale of fireworks—it pertains to hours that vendors can operate. Unlike the firearm ordinance at issue in *Mich Coalition for Responsible Gun Owners v Ferndale*, 256 Mich App 401; 662 NW2d 864 (2003), the local ordinance does

not concern the statute's subject matter at all.  We conclude that the ordinance does not address a subject matter prohibited by the field of preemption specified in the statute.

We affirm.

/s/ Peter D. O'Connell
/s/ Donald S. Owens
/s/ Jane M. Beckering