# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

HENRY REED, JR.,

        Defendant-Appellant.

UNPUBLISHED
July 25, 2017

No. 332001
Wayne Circuit Court
LC No. 15-007080-01-FH

Before: GLEICHER, P.J., and M. J. KELLY and SHAPIRO, JJ.

PER CURIAM.

Defendant appeals his jury trial conviction of failure to stop at the scene of an accident resulting in serious impairment or death, MCL 257.617(2).[1] Defendant was sentenced as a fourth-offense habitual offender, MCL 769.12, to 5 to 15 years in prison. We affirm.

On the evening of August 4, 2015, the victim, Darlene Austin, was fatally struck by two vehicles while attempting to cross the street as a pedestrian. The first vehicle struck Austin in the leg, dislocating her knee and knocking her to the ground. She was then run over by a second vehicle close behind the first. She suffered severe injuries to her chest and head and died shortly after the accident. There was testimony that the driver of a vehicle similar to defendant's got out of his car and ran to where Austin was lying before returning to his vehicle and driving off. A vehicular suspension component knowns as a "sway bar" was found near the scene of the accident. Several days after the accident, defendant was pulled over because his truck matched the description of the one that left the scene. Officers observed damage to two brackets on the front of defendant's vehicle where a sway bar would have been attached and observed a bolt attached to defendant's vehicle that was similar to one from the sway bar found at the scene of the accident. Defendant was placed under arrest and questioned at the police station where he eventually confessed to being involved in the accident.

Defendant first argues that the trial court erred by not properly instructing the jury on the element of causation.[2] Relying on the Supreme Court's opinion in *People v Feezel*, 486 Mich

---

[1] Defendant was also charged with operating while license suspended, revoked, or denied causing death, MCL 257.904(4), but the jury acquitted defendant of that charge.

184; 783 NW2d 67 (2010), defendant contends that failing to stop at the scene of an accident resulting in serious impairment or death contains an element of causation. Defendant is correct that where causation is an element of a crime, an instruction on its precise legal meaning should be given to avoid confusion. *Feezel*, 486 Mich at 203-204. However, defendant's reliance on *Feezel* is misplaced because defendant was convicted under MCL 257.617(2), while the offense at issue in *Feezel* was MCL 257.617(3). *Id.* at 188, 191. MCL 257.617(3) contains an explicit causation requirement, but MCL 257.617(2) does not. The entire text of MCL 257.617 is as follows:

(1) The driver of a vehicle who knows or who has reason to believe that he or she has been involved in an accident upon public or private property that is open to travel by the public shall immediately stop his or her vehicle at the scene of the accident and shall remain there until the requirements of section 6191 are fulfilled or immediately report the accident to the nearest or most convenient police agency or officer to fulfill the requirements of section 619(a) and (b) if there is a reasonable and honest belief that remaining at the scene will result in further harm. The stop shall be made without obstructing traffic more than is necessary.

(2) Except as provided in subsection (3), if the individual violates subsection (1) and the accident results in serious impairment of a body function or death, the individual is guilty of a felony punishable by imprisonment for not more than 5 years or by a fine of not more than $5,000.00, or both.

(3) If the individual violates subsection (1) following an accident caused by that individual and the accident results in the death of another individual, the individual is guilty of a felony punishable by imprisonment for not more than 15 years or a fine of not more than $10,000.00, or both.

It is apparent from the language of MCL 257.617 that the Legislature intended § 617(2) to apply in situations where the individual merely failed to stop, and § 617(3) to apply to an individual who failed to stop and was responsible for the accident resulting in death. The trial court did not err in failing to instruct the jury on the element of causation, because causation is not an element of the crime for which defendant was convicted.

Defendant next asserts that his trial counsel was ineffective for failing to request an instruction on the element of causation and that the evidence presented at trial was constitutionally insufficient to convict him because the prosecutor failed to prove that he caused

---

[2] The defense did not object at trial to the instructions the court gave to the jury or request that an instruction on causation be given. Therefore, the issue is not preserved for review and is considered under the plain error standard. *People v Gonzalez*, 256 Mich App 212, 225; 663 NW2d 499 (2003). "To avoid forfeiture under the plain error rule, three requirements must be met: 1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). "The third requirement generally requires a showing of prejudice, i.e., that the error affected the outcome of the lower court proceedings." *Id*.

the accident beyond a reasonable doubt.[3]   These arguments fail for the same reason as defendant's claim of instructional error.

Concerning defendant's claim of ineffective assistance of counsel, defendant must show first, "that counsel's performance was deficient," and second, that "the deficient performance prejudiced the defense." *Strickland v Washington*, 466 US 668, 687; 104 S Ct 2052; 80 L Ed 2d 674 (1984). "Defense counsel is not required to make a meritless motion or a futile objection." *People v Goodin*, 257 Mich App 425, 433; 668 NW2d 392 (2003). Because there is no causation element under MCL 257.617(2), any request for an instruction on that element would have been meritless.   Therefore, defendant was not prejudiced under *Strickland* by his counsel's failure to request an instruction on causation.

Concerning defendant's sufficiency of the evidence claim, "[d]ue process requires that the prosecutor introduce sufficient evidence which could justify a trier of fact in reasonably concluding that defendant is guilty beyond a reasonable doubt before a defendant can be convicted of a criminal offense." *People v Hampton*, 407 Mich 354, 368; 285 NW2d 284 (1979). The elements of the failure to stop at the scene of an accident resulting in death are: (1) the defendant was the driver of a motor vehicle, (2) the motor vehicle driven by defendant was involved in an accident, (3) the defendant knew or had reason to know that he had been involved in an accident on a public road or any property open to travel by the public, (4) the accident resulted in serious impairment of a body function or death, (5) the defendant failed to immediately stop at the scene to render assistance and give information to the police or immediately report the accident to the nearest police agency. MCL 257.617(2), see also M Crim JI 15.14.

There was sufficient evidence for a rational trier of fact to find that defendant was the driver of a motor vehicle involved in the accident that killed Austin.   Several eyewitnesses reported to the police that they had seen a dark blue pickup truck stop immediately following the accident. The police used this description to locate and arrest defendant. The sway bar that was left behind at the scene of the accident appeared to have been torn from defendant's truck. The missing bolt and the damage to the truck were consistent with the sway bar being torn off in a collision with something underneath the car. There was sufficient evidence that defendant knew or had reason to know that he had been involved in the accident.   According to witness testimony, the driver of the blue pickup stopped his vehicle, got out, shook his head, and then got back into his car and drove away. Further, defendant confessed to being involved in the accident and signed a written statement to that effect.   The accident resulted in the death of Austin.

---

[3] Defendant's claim of ineffective assistance was not preserved because he did not move for a new trial or for a hearing under *People v Ginther*, 390 Mich 436, 443, 212 NW2d 922 (1973). *People v Lopez*, 305 Mich App 686, 693; 854 NW2d 205 (2004). "Where claims of ineffective assistance of counsel have not been preserved, our review is limited to errors apparent on the record." *People v Matuszak*, 263 Mich App 42, 48; 687 NW2d 342 (2004). A challenge to the sufficiency of evidence is reviewed de novo. *People v Lueth*, 253 Mich App 670, 680; 660 NW2d 322 (2002).

Defendant did not remain at the scene to "render assistance" and did not "report the accident to the nearest or most convenient police agency." As discussed above, causation is not an element of the offense for which defendant was convicted.

Finally, defendant argues that the trial court erred by denying his motion for a directed verdict on the charge of operating while license suspended or revoked causing death – an offense for which he was acquitted by the jury. Defendant argues that, even though he was ultimately acquitted of the offense, allowing the charge to be submitted to the jury led to a compromise verdict. There is nothing in the record to support such a claim. The jurors were specifically instructed to vote in good conscience and not to compromise for the sake of reaching a verdict. Jurors are presumed to follow their instructions. *People v Graves*, 458 Mich 476, 486; 581 NW2d 229 (1998).

Further, the trial court did not err in denying the motion for a directed verdict because, when viewed in the light most favorable to the prosecution, there was ample evidence from which a rational trier of fact could find all the elements of the offense beyond a reasonable doubt. *Hampton*, 407 Mich at 368. To convict a defendant of operating while license suspended or revoked causing death, the prosecutor must show that (a) defendant was operating a motor vehicle on a highway or other place generally open to the public, (b) defendant's license was suspended or revoked, (c) the Secretary of State gave defendant notice of the suspension or revocation, and (d) defendant's operation of the vehicle was the factual and proximate cause of the victim's death. MCL 257.904(1) and (4); MCL 257.212; M Crim JI 15.21. At trial, the parties stipulated that on August 4, 2015, defendant's operator's license was suspended or revoked and that the Secretary of State gave notice of the suspension by first class mail at least five days before the alleged offense. It was not disputed that defendant was operating a motor vehicle on a public highway at the time of the accident.

As discussed above, at the close of the prosecutor's proofs there was more than sufficient evidence for a jury to find that defendant's vehicle either struck Austin in the leg or ran over her – both of which contributed directly and proximately to her death. The damage to the underside of defendant's car (as evidenced by the broken sway bar) strongly suggests that defendant's vehicle ran Austin over, crushing her chest and killing her. A rational finder of fact could have found beyond a reasonable doubt that defendant's operation of a motor vehicle was the factual and proximate cause of Austin's death. That this particular jury was not persuaded of defendant's guilt on the charge of operating while license suspended or revoked causing death does not mean that the motion for a directed verdict should have been granted.

Affirmed.

/s/ Elizabeth L. Gleicher
/s/ Michael J. Kelly
/s/ Douglas B. Shapiro