# Syllabus

Chief Justice:
Elizabeth T. Clement

Justices:
Brian K. Zahra
David F. Viviano
Richard H. Bernstein
Megan K. Cavanagh
Elizabeth M. Welch
Kyra H. Bolden

**This syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader.**

Reporter of Decisions:
Kathryn L. Loomis

## STIRLING v COUNTY OF LEELANAU

Docket No. 162961. Argued on application for leave to appeal October 12, 2022. Decided March 24, 2023.

Mack C. Stirling filed a petition in the Tax Tribunal challenging Leelanau County's decision denying his application for a principal-residence exemption (PRE) for tax years 2016–2019. The county denied the application because petitioner's wife had claimed a property-tax exemption for a residence in Utah for the same tax years. Petitioner moved for summary disposition in the Tax Tribunal. The tribunal granted petitioner's motion, concluding that the Utah exemption was not substantially similar to the Michigan PRE because the Michigan PRE requires a person to be both an owner and occupier of the residence, while the Utah law allows owners who have tenants using the property as a primary residence to claim the exemption. The tribunal denied the county's motion for reconsideration, and the county appealed. The Court of Appeals, MURRAY, C.J., and M. J. KELLY and RICK, JJ., reversed, holding that the Utah exemption was substantially similar to the Michigan PRE. 336 Mich App 575 (2021). The Michigan Supreme Court, in lieu of granting leave to appeal, ordered oral argument on the application. 509 Mich 857 (2022).

In an opinion by Justice ZAHRA, joined by Chief Justice CLEMENT and Justices VIVIANO, CAVANAGH, and WELCH, the Supreme Court *held*:

The Utah tax exemption at issue, which is available to landowners who rent their property to tenants, was not substantially similar to Michigan's PRE, which is available only for a landowner's principal residence. Accordingly, petitioner was eligible to claim the Michigan PRE.

1. Michigan's PRE, which is part of the General Property Tax Act, MCL 211.1 *et seq*., and is found in MCL 211.7cc(1), permits taxpayers to exempt their principal residence from their local school district's property tax. The act defines "principal residence" as the one place where a property owner has their true, fixed, and permanent home to which, whenever absent, they intend to return and that continues as a principal residence until another principal residence is established. MCL 211.7cc(3)(b) provides that a taxpayer is not entitled to claim the PRE if they own property in a state other than Michigan for which they or their spouse claim an exemption, deduction, or credit substantially similar to the exemption available under MCL 211.7cc(1). A sister state's exemption is substantially similar if it is largely but not wholly alike in its characteristics and substance to the PRE. Michigan's PRE and the Utah exemption claimed by petitioner's wife are

not alike in substance or characteristics. The relevant Utah exemption is found in Utah Code 59-2-103(6), which is a broad section that contains several provisions about the rate of assessment on residential property. Utah Code 59-2-103(3) provides that, subject to Subsections (4) through (7), the fair market value of residential property located within the state is allowed a residential exemption equal to a 45% reduction in the value of the property. Subsection (6)(b) permits Utah taxpayers to claim a residential exemption for each residential property they own that is the primary residence of a tenant, as well as one exemption for their own primary residence. The Utah exemption that petitioner's wife claimed under this subsection was not substantially similar to the PRE for purposes of MCL 211.7cc(3)(b) because it does not require the subject property to be the owner's residence. The Utah exemption was in substance and character a landlord tax exemption. The PRE, by contrast, was in substance and character a homestead exemption. Given that the touchstone of the PRE—owner residency—was not in any way relevant to the claimed Utah landlord exemption, these two provisions were not, as a matter of law, largely alike in characteristics or substance.

2. The Court of Appeals erred by joining together Utah's version of a homestead exemption (which is substantially similar to the PRE) with Utah's landlord exemption (which is not substantially similar to the PRE) and reading Utah's law as providing one indivisible "residential exemption." The fact that the two exemptions are subdivisions in the same section of the Utah Code was merely a stylistic choice of the Utah Legislature. In substance, Utah Code 59-2-103(6)(b) provides multiple types of residential exemptions, one of which is for a homeowner's primary residence. Although this exemption was not identical to the PRE, it was substantially similar. Another exemption, the one claimed by petitioner's wife, is for landlords who own property that is the primary residence of a tenant. This exemption was materially different from the PRE because it does not require the subject property to be the owner's residence. Therefore, petitioner was permitted to claim both the Utah landlord exemption and the Michigan PRE.

Court of Appeals judgment reversed; Tax Tribunal order reinstated.

Justice BERNSTEIN, dissenting, agreed with the majority's adoption of the definition of a "substantially similar" exemption for purposes of MCL 211.7cc(3) but would have affirmed the Court of Appeals judgment, reasoning that the overall effect of the Utah and Michigan statutes on property taxes was essentially the same: namely, to lower property taxes on homes being used as principal or primary residences. He noted that under the majority's construction of the Michigan statute, petitioner and his wife could claim residential exemptions on both the Utah and Michigan properties and, as a result, would benefit from a property tax break on two properties in the same calendar year, which seemed to be the exact sort of double-dipping that the Michigan statute aimed to preclude. He would have held that the Utah and Michigan exemptions were "substantially similar" within the meaning of MCL 211.7cc(3)(a), given their similarity in operation and effect.

Justice BOLDEN did not participate in the disposition of this case because the Court considered it before she assumed office.

# OPINION

Chief Justice:
Elizabeth T. Clement

Justices:
Brian K. Zahra
David F. Viviano
Richard H. Bernstein
Megan K. Cavanagh
Elizabeth M. Welch
Kyra H. Bolden

FILED March 24, 2023

S T A T E   O F   M I C H I G A N

SUPREME COURT

MACK C. STIRLING,

　　　　Plaintiff-Appellant,

v                                                                No. 162961

COUNTY OF LEELANAU,

　　　　Defendant-Appellee.

BEFORE THE ENTIRE BENCH (except BOLDEN, J.)

ZAHRA, J.

Michigan law affords homeowners a tax exemption for their principal residence. A taxpayer, however, may claim only one principal residence, even if a second residence is maintained in another state. Specifically, Michigan's tax code precludes a taxpayer from claiming the Michigan principal residence exemption (PRE) if the taxpayer has claimed a

"substantially similar" exemption in another state.[1] At issue in this case is whether petitioner, who files Michigan taxes jointly with his wife, may claim Michigan's PRE if his wife received a Utah tax exemption for residential property that she owns and rents to tenants. We conclude that petitioner may claim the PRE because the Utah exemption at issue is fundamentally different in substance and character from the PRE. Simply put, the PRE is for homesteads while the Utah exemption is for landlords. Accordingly, we reverse the judgment of the Court of Appeals and reinstate the Tax Tribunal's order granting summary disposition to petitioner.

## I. FACTS AND PROCEDURAL HISTORY

The relevant facts of this case are not in dispute. Petitioner, Mack Stirling, has lived in his Leelanau County home since 1990. Petitioner's wife, Dixie Stirling, owned two rental properties in Utah. The Stirlings filed joint tax returns for the pertinent tax years of 2016 to 2019. Neither Mack nor Dixie ever resided at the Utah properties. Instead, Dixie rented the properties to tenants who used the properties as their primary residences. Dixie Stirling claimed an applicable Utah tax exemption during the relevant tax years.

Petitioners applied for the PRE based on their Leelanau County home. Respondent Leelanau County denied the application because it concluded that the Utah exemption rendered the Stirlings ineligible for the PRE. Petitioner then filed this matter in the Small Claims Division of the Michigan Tax Tribunal and sought summary disposition on the undisputed facts. The Tax Tribunal granted the motion, explaining that the Utah exemption received by petitioner's wife was not "substantially similar" to the PRE, primarily because

_____

[1] MCL 211.7cc(3)(b).

2

to be eligible for the PRE a person had to be both an owner and occupier of the residence, while under Utah law a person was eligible if they owned the residence and had tenants occupying the home as a primary residence. After the Tax Tribunal denied respondent's motion for reconsideration, the county appealed in the Court of Appeals. The Court of Appeals reversed in a published opinion.

Petitioner sought leave to appeal in this Court, and in lieu of granting leave, we ordered oral argument on the application to consider "whether the Court of Appeals erred by holding that the primary exemption claimed by the appellant's wife for a residence in Utah was based upon a 'substantially similar' exemption as the Michigan principal residence exemption, MCL 211.7cc."[2]

## II. STANDARD OF REVIEW

"This Court reviews de novo the tribunal's interpretation of a tax statute."[3] "The role of this Court in interpreting statutory language is to ascertain the legislative intent that may reasonably be inferred from the words in a statute."[4] Our analysis must focus on "the statute's express language, which offers the most reliable evidence of the Legislature's intent. When the statutory language is clear and unambiguous, judicial construction is limited to enforcement of the statute as written."[5]

---

[2] *Stirling v Leelanau Co*, 509 Mich 857, 857 (2022).

[3] *SBC Health Midwest, Inc v City of Kentwood*, 500 Mich 65, 70; 894 NW2d 535 (2017).

[4] *Sanford v Michigan*, 506 Mich 10, 14-15; 954 NW2d 82 (2020) (quotation marks and citation omitted).

[5] *Id*. at 15 (quotation marks and citation omitted).

3

## III. ANALYSIS

Given these undisputed facts, we are left with a straightforward question of statutory interpretation: whether the Utah tax exemption is substantially similar to Michigan's PRE. Michigan's PRE is part of the General Property Tax Act.[6] It permits taxpayers to exempt their homestead from their local school district's property tax.[7] A taxpayer is not entitled to claim the PRE if the taxpayer "owns property in a state other than [Michigan] for which that person or his or her spouse claims an exemption, deduction, or credit *substantially similar* to the exemption provided under this section . . . ."[8] The statute does not define "substantially similar," but the litigants agree that the Court of Appeals properly defined the term. The panel turned to a dictionary to define "substantial" and "similar," explaining that the common meaning of "substantial" is " 'being largely but not wholly that which is specified,' " while "similar" is defined as " 'having characteristics in common' " and " 'alike in substance or essentials.' "[9] Taking these definitions together, the panel concluded that the Legislature's "substantially similar" requirement means "that the sister

---

[6] MCL 211.1 *et seq*.

[7] MCL 211.7cc(1) ("A principal residence is exempt from the tax levied by a local school district for school operating purposes to the extent provided under section 1211 of the revised school code, 1976 PA 451, MCL 380.1211, if an owner of that principal residence claims an exemption as provided in this section.").

[8] MCL 211.7cc(3)(b) (emphasis added).

[9] *Stirling v Leelanau Co*, 336 Mich App 575, 583-584; 970 NW2d 910 (2021), quoting *Merriam-Webster's Collegiate Dictionary* (11th ed).

4

state's exemption must be largely but not wholly alike in its characteristics and substance to the PRE."[10]  We agree with this definition and adopt it as our own.

Comparing the two exemptions reveals that they are not alike in substance or characteristics.  Michigan's General Property Tax Act defines "principal residence" as "the 1 place where an owner of the property has his or her true, fixed, and permanent home to which, whenever absent, he or she intends to return and that shall continue as a principal residence until another principal residence is established."[11]

The relevant Utah exemption is found in Utah Code 59-2-103, which is a broad section that contains several provisions about the rate of assessment on residential property. Subsection (3) provides that "[s]ubject to Subsections (4) through (7) . . . , the fair market value of residential property located within the state is allowed a residential exemption equal to a 45% reduction in the value of the property."  Subsection (6) permits Utah taxpayers to claim a residential exemption for each residential property they own that is the primary residence of a tenant, as well as one exemption for their own primary residence:

> (6)(a) Except as provided in Subsections (6)(b)(ii) and (iii), a residential exemption described in Subsection (3) is limited to one primary residence per household.
>
> (b) An owner of multiple primary residences located within the state is allowed a residential exemption under Subsection (3) for:
>
> (i) subject to Subsection (6)(a), the primary residence of the owner;

---

[10] *Id*. at 584.

[11] MCL 211.7dd(c).

(ii) each residential property that is the primary residence of a tenant . . . .[12]

Dixie Stirling claimed an exemption under Subdivision (ii) as the owner of property that is the primary residence of a tenant. This exemption is not substantially similar to the PRE because it does not require the subject property to be the owner's residence. The exemption is in substance and character a landlord tax exemption.[13] The PRE, by contrast, is in substance and character a homestead exemption. Under MCL 211.7dd(c), the owner must reside on the property for which they claim the PRE. Indeed, both MCL 211.7cc(2) and the definition of "principal residence" in MCL 211.7dd(c) make express that a person may have only one principal residence.[14] A person cannot principally reside in two places within the state. Nor can a person principally reside in both Michigan and another state. The Legislature guarded against attempts to double-dip by taxpayers who have a second home in states with different residency requirements by barring people from claiming the PRE if they have claimed a substantially similar exemption in another state. The Stirlings do not claim to reside in two different residences. They have steadfastly maintained that they reside exclusively in Michigan. Likewise, they never represented to the state of Utah

---

[12] Utah Code 59-2-103. This provision was renumbered after the Tax Tribunal decision, and the quoted material reflects the current version of the statute.

[13] The exemption appears designed to promote lower rental rates for tenants who rent their primary residence, or to encourage long-term residential rentals, or both.

[14] Other subsections of MCL 211.7cc confirm that the principal focus and design of Michigan's PRE is to provide an exemption for *the owner's* primary residence. *Robinson v Lansing*, 486 Mich 1, 15; 782 NW2d 171 (2010) ("[C]ontext matters, and thus statutory provisions are to be read as a whole."). For instance, the exemption is not available if the owner filed "a nonresident Michigan income tax return" or the owner filed "an income tax return in a state other than this state as a resident . . . ." MCL 211.7cc(3)(c) and (d). By contrast, the statutory provisions at issue make no reference to the residence of tenants.

6

that their Utah property was their primary residence, such that they would be entitled to the Utah homestead exemption available for property that is "the primary residence of the owner[.]"[15] They are not attempting to claim two principal residences or two of their own residences at all. Given that the touchstone of the PRE—owner residency—is not in any way relevant to the claimed Utah landlord exemption, these two provisions are not, as a matter of law, largely alike in characteristics or substance.

The Court of Appeals erred by joining together Utah's version of a homestead exemption (which is substantially similar to the PRE) with Utah's landlord exemption (which is not substantially similar to the PRE) and reading Utah's law as providing one indivisible "residential exemption."[16] That the two exemptions are subdivisions in the same section of the Utah Code is nothing more than a stylistic choice of the Utah Legislature. No matter how it is organized, the Utah statute very clearly provides that a property-owning taxpayer may claim multiple types of residential exemptions. A Utah

---

[15] Utah Code 59-2-103(6)(b)(i).

[16] The Michigan Tax Tribunal, in two unpublished opinions, came to a similar conclusion as the Court of Appeals. See *Whiting v Grand Traverse Co*, unpublished opinion of the Michigan Tax Tribunal, issued March 1, 2017 (Docket No. 16-005482); *Boyd v Grand Traverse Co*, unpublished proposed opinion and judgment of the Michigan Tax Tribunal, entered February 13, 2018, adopted in full as modified March 20, 2018 (Docket No. 17-004340). Yet in *Whiting*, the Michigan Tax Tribunal neither cited nor analyzed the statutory language at the heart of the dispute: Utah's exemption for "each residential property that is the primary residence of a tenant[.]" Utah Code 59-2-103(6)(b)(ii). And in *Boyd*, the Tax Tribunal provided one sentence of dicta on the issue, reasoning that Utah's exemption was substantially similar to Michigan's PRE because Utah's statute exempted a tenant's primary residence. *Boyd*, unpub op at 7-9 (explaining that the petitioner did not even own the subject property). That merely begs the question. The Tax Tribunal's analysis in *Boyd* in no way addressed the fact that Michigan's PRE was written and designed to provide an exemption for the residence of owners, not of tenants. Ultimately, the Court does not find the Tax Tribunal's unpublished decisions persuasive.

7

taxpayer is entitled to claim an exemption for their primary residence *and* each property they own that is the primary residence of a tenant.[17]  As the Court of Appeals correctly explained, we are to look at the substance of the sister state's exemption.  The form is immaterial.[18]

Here, Dixie Stirling claimed an exemption that is for landlords, not homeowner occupants.  Utah would not prohibit the Stirlings from claiming a homestead exemption in addition to the landlord exemption.  The same is true of the Michigan statute.  The Stirlings are entitled to one homestead exemption.  That exemption is derived from their principal residence, which is in Michigan.  Notably, counsel for respondent conceded at oral argument that if the verbatim language of Subsection (6)(b)(ii) were instead in a section titled "landlord exemption," a person could claim both that exemption and the PRE.  This proves the point that respondent's argument is entirely predicated on labeling and elevates form over substance.  In substance, Utah Code 59-2-103(6)(b) provides multiple types of residential exemptions.  One exemption is for a homeowner's primary residence.[19] Although this exemption is not identical to our PRE, it is substantially similar.  Another exemption—the one claimed by Dixie Stirling—is for landlords who own property that is the primary residence of a tenant.[20]  This exemption is materially different from our PRE.

---

[17] Utah Code 59-2-103(6)(b).

[18] See *United States v Phellis*, 257 US 156, 168; 42 S Ct 63; 66 L Ed 180 (1921) (recognizing the importance of regarding substance and disregarding form in applying tax laws).

[19] Utah Code 59-2-103(6)(b)(i).

[20] Utah Code 59-2-103(6)(b)(ii).

The Stirlings, therefore, are permitted to claim both the Utah landlord exemption and the Michigan PRE.

## IV. CONCLUSION

We hold that the Utah tax exemption claimed by Dixie Stirling is not "substantially similar" to Michigan's PRE. The Stirlings are therefore eligible to claim the PRE. We reverse the judgment of the Court of Appeals and reinstate the Tax Tribunal's order granting summary disposition to petitioner.

Brian K. Zahra
Elizabeth T. Clement
David F. Viviano
Megan K. Cavanagh
Elizabeth M. Welch

9

MACK C. STIRLING,

        Petitioner-Appellant,

v                                        No. 162961

COUNTY OF LEELANAU,

        Respondent-Appellee.

_____

BERNSTEIN, J. (*dissenting*).

      I respectfully disagree with the majority's conclusion that the Michigan principal residence exemption (PRE) statute and Utah's analogous statute are not substantially similar, such that petitioner may claim the exemptions in both states. Accordingly, I would affirm the judgment of the Court of Appeals.

      Michigan's PRE statute allows a taxpayer to avoid paying taxes "levied by a local school district for school operating purposes . . . ." MCL 211.7cc(1). Similarly, Utah's analogous statute allows a taxpayer to obtain a 45% reduction in the fair market value of a piece of property for property tax assessment purposes. Utah Code 59-2-103(3). Both statutes are designed to help lower an individual taxpayer's property tax burden each year. However, in Michigan, a taxpayer may claim only one PRE per calendar year and may not "claim[] a *substantially similar* exemption, deduction, or credit, regardless of amount, on property in another state" in the same year. MCL 211.7cc(3)(a) (emphasis added). Here, the Court of Appeals held that for an out-of-state residential exemption to be considered "substantially similar" to the Michigan PRE, the "sister state's exemption must be largely

but not wholly alike in its characteristics and substance to the [Michigan] PRE." *Stirling v Leelanau Co*, 336 Mich App 575, 584; 970 NW2d 910 (2021). The majority has adopted that definition here, and I agree with the decision to do so. Even so, I remain skeptical of the majority's conclusion that the two statutes at issue here are not "substantially similar," and I do not believe petitioner has a right to claim the exemptions in both states at the same time.

The majority reasons that the Michigan and Utah statutes are not substantially similar because the Michigan statute applies only to a homestead that is used as the principal residence of the taxpayer. Under the Utah statute, however, a taxpayer who owns multiple properties may claim an exemption for each property that is used as a primary residence, regardless of whether the property is occupied by the taxpayer or the taxpayer's tenants.[1] The majority supports its conclusion by stating that there is a separate "homestead exemption" and a "landlord exemption" in the Utah statute and that the Utah Legislature made a modest "stylistic choice" by including both exemptions in the same statute. There is no doubt that the Utah statute differs from the Michigan statute, which does not apply to homes occupied by tenants. As a result, the Utah statute is certainly broader than the Michigan statute. But the mere fact that the Utah statute applies to rental properties does

---

[1] Utah Code 59-2-103(6). The majority states that it is not persuaded by two previous Michigan Tax Tribunal decisions cited by the Court of Appeals in support of its ruling. See *Whiting v Grand Traverse Co*, unpublished opinion of the Michigan Tax Tribunal, issued March 1, 2017 (Docket No. 16-005482); *Boyd v Grand Traverse Co*, unpublished opinion of the Michigan Tax Tribunal, issued March 20, 2018 (Docket No. 17-004340). Both cases involved petitioners who owned and occupied properties in Michigan and tried to claim the Utah exemption for secondary properties occupied by family members, which is essentially what petitioner attempted to do here. In both cases, the Tax Tribunal ruled that the Michigan and Utah exemptions were substantially similar. The majority glosses over the similarities between this case and these past Tax Tribunal rulings. I fail to see how this case is meaningfully different from *Whiting* and *Boyd*.

not unequivocally show that the two statutes are not essentially the same in characteristics and effect. To the contrary, the overall effect of the Utah and Michigan statutes on property taxes is essentially the same—both statutes are designed to lower property taxes on homes being used as principal or primary residences. Thus, although the Utah statute is broader than the Michigan statute, I would nevertheless find that the statutes are *largely* alike in characteristics and substance, even if they are not *wholly* alike.

Under the majority's construction of the Michigan statute, petitioner and his wife can claim residential exemptions on both the Utah and Michigan properties. As a result, they will benefit from a property tax break on two properties in the same calendar year. Clearly, it is not petitioner's *tenants* who would directly benefit from the tax break here, which might have sufficiently differentiated the Utah statute from the Michigan statute for petitioner to circumvent MCL 211.7cc(3)(a). Instead, it is *petitioner* who directly benefits from the property tax breaks in Michigan and Utah. As the majority points out, the "substantially similar" provision in MCL 211.7cc(3)(a) was designed to prevent "double-dipping," so to speak. It is difficult to fathom how allowing petitioner to benefit from claiming both the Utah and the Michigan exemptions is not the exact sort of double-dipping that the statute aims to preclude. Given the similarity in operation and effect of the Utah and Michigan residential property exemption statutes, I dissent from the majority's conclusion that the two statutes are not "substantially similar" within the meaning of MCL 211.7cc(3)(a).

Richard H. Bernstein

BOLDEN, J., did not participate in the disposition of this case because the Court considered it before she assumed office.

3